SYLVESTER & POLEDNAK, LTD.
ALLYSON R. NOTO, ESQ.
Nevada Bar No. 8286
MATTHEW T. KNEELAND, ESQ.
Nevada Bar No. 11829
1731 Village Center Circle
Las Vegas, Nevada  89134
*allyson@sylvesterpolednak.com*
*matthew@sylvesterpolednak.com*
Telephone:  (702) 952-5200
Facsimile: (702) 952-5205
*Attorney for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BRANCH BANKING AND TRUST
COMPANY, successor-in-interest to
COLONIAL BANK by acquisition of assets
from the FDIC as Receiver for Colonial Bank,
a North Carolina banking corporation
organized and in good standing under the
laws of the State of North Carolina,

            Plaintiff,

v.

DAVID M. FRANK, individually and as
trustee of THE DAVID M. FRANK 2004
REVOCABLE INTER VIVOS TRUST dated
December 31, 2004; KAVEH KEVIN
GOLSHAN, individually; MOUSSA
GOLSHAN, as Trustee of the AGA
IRREVOCABLE TRUST dated December 7,
1995; THE MERRILL COMPANIES, LLC, a
California Limited Liability Company;
FIESTA STATION REAL ESTATE
HOLDINGS, LLC, a Nevada Limited
Liability Company; AGA, LLC, a California
Limited Liability Company; GERALDINE
WEBER, an individual; and DOE Individuals
I through X; and ROE Corporations and
Organizations I through V, inclusive,

            Defendants.

Case No.   2:11-CV-1366 JCM-CWH

**FIRST AMENDED COMPLAINT**

Plaintiff BRANCH BANKING AND TRUST COMPANY, successor-in-interest to COLONIAL BANK by acquisition of assets from the FDIC as Receiver for Colonial Bank, by and through its attorneys, Allyson R. Noto, Esq. and Matthew T. Kneeland, Esq. of the law firm of Sylvester & Polednak, Ltd., alleges and pleads against Defendants DAVID M. FRANK, individually and as Trustee of THE DAVID M. FRANK 2004 REVOCABLE INTER VIVOS TRUST dated December 13, 2004, KAVEH KEVIN GOLSHAN, MOUSSA GOLSHAN, Trustee of the AGA IRREVOCABLE TRUST dated December 7, 1995, THE MERRILL COMPANIES, LLC, FIESTA STATION REAL ESTATE HOLDINGS, LLC, AGA, LLC and GERALDINE WEBER (collectively, the "Defendants" or "Guarantors") as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff BRANCH BANKING AND TRUST COMPANY, successor-in-interest to COLONIAL BANK by acquisition of assets from the FDIC as Receiver for Colonial Bank ("Plaintiff" or "Lender") is a North Carolina banking corporation organized and in good standing under the laws of the State of North Carolina, authorized to do and doing business in Clark County, Nevada.

2.      Upon information and belief, Defendant DAVID M. FRANK ("Frank") is, and at all relevant times mentioned herein was, an individual residing in the State of California.

3.      Upon information and belief, Defendant THE DAVID M. FRANK 2004 REVOCABLE INTER VIVOS TRUST dated December 13, 2004 (the "Frank Trust") is, and at all relevant times mentioned herein was, a duly formed trust. Upon further information and belief, David M. Frank is, and at all relevant times mentioned herein was, the Trustee of the Frank Trust.

4.      Upon information and belief, Defendant KAVEH KEVIN GOLSHAN ("Golshan") is, and at all relevant times mentioned herein was, an individual residing in the State of California.

5.      Upon information and belief, Defendant AGA IRREVOCABLE TRUST dated December 7, 1995 (the "AGA Trust") is, and at all relevant times mentioned herein was, a duly formed trust. Upon further information and belief, Moussa Golshan is, and at all relevant times mentioned herein was, the Trustee of the AGA Trust.

///

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

6. Upon information and belief, Defendant THE MERRILL COMPANIES, LLC ("Merrill") is, and at all relevant times mentioned herein was, a California limited liability company, authorized to conduct and conducting business in Clark County, Nevada.

7. Upon information and belief, Defendant FIESTA STATION REAL ESTATE HOLDINGS, LLC ("Fiesta Station") is, and at all relevant times mentioned herein was, a California limited liability company, authorized to conduct and conducting business in Clark County, Nevada.

8. Upon information and belief, Defendant AGA, LLC ("AGA") is, and at all relevant times mentioned herein was, a California limited liability company, authorized to conduct and conducting business in Clark County, Nevada.

9. Upon information and belief, Defendant GERALDINE WEBER, ("Weber") is, and at all relevant times mentioned herein was, an individual residing in the State of California.

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and each defendant in this action.

11. Personal jurisdiction and venue are proper in the District of Nevada pursuant to 28 U.S.C. § 1391(a)(1)-(3) because each defendant was subject to personal jurisdiction in Nevada at the time this action commenced.

## GENERAL ALLEGATIONS

### A.    The Loan Documents

12. Plaintiff repeats, realleges and incorporates by reference all preceding allegations of the Complaint as though fully set forth herein at length.

13. On or about April 19, 2005, Station Plaza Partners, LLC, as Borrower (the "Borrower"), and Plaintiff executed a Construction/Permanent Loan Agreement (the "Agreement") wherein Plaintiff agreed to lend Borrower the sum of Twenty-Nine Million Two Hundred Sixty Thousand Seven Hundred and 00/100 Dollars (*$29,260,700.00*) (*the "Loan"*) to provide financing to assist Borrower in: (1) purchasing approximately 20.16 acres of real property located near the intersection of Lake Mead Blvd. and Rancho Drive in North Las Vegas, Clark County, Nevada (the

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

"***Subject Property***"); (2) reimbursing Wal-Mart for the cost of certain onsite and offsite improvements constructed in connection with the Subject Property; and (3) constructing an approximately 203,000 square foot retail center and related site improvements thereon.

14.     Pursuant to the terms and conditions of the Agreement, the Borrower's obligation to pay the loan was evidenced by a Promissory Note (***the "Note"***), executed by the Borrower payable to the Plaintiff, and secured by a Deed of Trust and Security Agreement with Assignment of Rents and Fixture Filing (***the "Deed of Trust"***) on the Subject Property, and the personal property then or in the future, located on the Subject Property. (The Agreement, the Note, the Deed of Trust, and all Amendments and Modifications thereto are collectively referred to herein as ***the "Loan Documents."***)

15.     On or about April 19, 2005, Borrower executed and delivered to Plaintiff the Note in the principal sum of Twenty-Nine Million Two Hundred Sixty Thousand Seven Hundred and 00/100 Dollars ($29,260,700.00).

16.     Pursuant to the terms and conditions of the Agreement, the Loan was divided into two phases: the "Construction Term," which was originally not to exceed twenty-four (24) months following recordation of the Deed of Trust on or about April 25, 2005, and the "Permanent Term," which was originally not to exceed five (5) years following expiration of the aforementioned twenty-four (24) months (***the "Loan Conversion Date"***). The Loan Conversion Date was expressly subject to satisfaction by Borrower of certain conditions precedent noted in the Loan Documents.

17.     On or about May 22, 2008, Borrower and Plaintiff executed that certain document styled "Amendment to Construction/Permanent Loan Agreement" wherein Borrower and Plaintiff agreed to extend the Construction Term and Loan Conversion Date to not later than July 23, 2008.

18.     On or about May 22, 2008, Borrower and Plaintiff executed that certain document styled "Amendment to Promissory Note Secured by Deed of Trust" wherein Borrower and Plaintiff agreed to extend the Construction Term and Loan Conversion Date to not later than July 23, 2008.

19.     On or about May 22, 2008, Borrower and Plaintiff executed that certain document styled "Modification to Deed of Trust and Security Agreement with Assignment of Rents and Fixture Filing" wherein Borrower and Plaintiff agreed to extend the Construction Term and Loan

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

-4-

Conversion Date to not later than July 23, 2008.

20.     On or about August 19, 2008, Borrower and Plaintiff executed another document styled "Amendment to Construction/Permanent Loan Agreement" wherein Borrower and Plaintiff agreed to decrease the maximum committed amount under the Loan to Nineteen Million Eight Hundred Eighty Five Thousand and 00/100 Dollars ($19,885,000.00), and again agreed to extend the Construction Term and the Loan Conversion Date to not later than July 23, 2009.

21.     On or about August 19, 2008, Borrower and Plaintiff executed another document styled "Amendment to Promissory Note Secured by Deed of Trust" wherein Borrower and Plaintiff agreed to decrease the maximum committed amount under the Loan to Nineteen Million Eight Hundred Eighty Five Thousand and 00/100 Dollars ($19,885,000.00), and again agreed to extend the Construction Term and the Loan Conversion Date to not later than July 23, 2009.

22.     On or about August 19, 2008, Borrower and Plaintiff executed another document styled "Modification to Deed of Trust and Security Agreement with Assignment of Rents and Fixture Filing" wherein Borrower and Plaintiff agreed to decrease the maximum committed amount under the Loan to Nineteen Million Eight Hundred Eighty Five Thousand and 00/100 Dollars ($19,885,000.00), and again agreed to extend the Construction Term and the Loan Conversion Date to not later than July 23, 2009.

23.     Pursuant to the terms and conditions of the Loan Documents, as amended and modified, the total and outstanding principal balance due under the Note, plus all accrued unpaid interest, and other fees due thereunder, became due and payable in full on July 23, 2009 (the *"Maturity Date"*).

24.     Interest under the Note accrues at an annual rate equal to two and one quarter percent (2.25%), plus the one-month LIBOR rate (*the "LIBOR Rate"*) quoted by Lender from Telerate Page 3750 or any successor thereto (*the "Interest Rate"*), and, as a result of Borrower and Defendants' respective defaults as more fully described herein, continues to accrue at the Interest Rate plus five percent (5%) per annum (*the "Default Rate"*), until such time as the event of default in question is cured.

///

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

**B.**   **The Guaranty Agreements**

25.   Plaintiff repeats, realleges and incorporates by reference all preceding allegations of the Complaint as though fully set forth herein at length.

26.   To induce Plaintiff to enter the Loan Agreement, on or about April 19, 2005, all Defendants, except AGA, LLC and Geraldine Weber, executed and delivered to Plaintiff that certain document styled "Guarantee" (*the "Guaranty I"*) wherein all Defendants, except AGA, LLC and Geraldine Weber, unconditionally guaranteed to Plaintiff the full payment of the Loan, and unconditionally agreed to pay the Plaintiff the full amount of the Loan. If Borrower defaulted in the payment when due or any part of the Loan, all Defendants, except AGA, LLC and Geraldine Weber, agreed to pay to the Plaintiff, on demand, all sums due and owing on the Loan, including all interest, charges, fees and other sums, costs and expenses.

27.   On or about May 30, 2006, for valuable consideration, Defendants AGA, LLC and Geraldine Weber executed and delivered to Plaintiff that certain document styled "Guarantee" (*the "Guaranty II"*) wherein Defendants AGA, LLC and Geraldine Weber unconditionally guaranteed to Plaintiff the full payment of the Loan, and unconditionally agreed to pay the Plaintiff the full amount of the Loan. If Borrower defaulted in the payment when due or any part of the Loan, Defendants AGA, LLC and Geraldine Weber agreed to pay to the Plaintiff, on demand, all sums due and owing on the Loan, including all interest, charges, fees and other sums, costs and expenses. (The Guaranty I and the Guaranty II are collectively referred to herein as *the "Guaranty Agreements."*)

28.   Pursuant to the terms of the Guaranty Agreements, Defendants, and each of them, knowingly waived and relinquished all rights and remedies accorded by applicable law to guarantors, and agreed not to assert or take advantage of any such rights or remedies, including, any right provided by NRS 40.430, or any other statute or decision to require Plaintiff to proceed against Borrower, or to proceed against or exhaust any security held by Plaintiff, or to pursue any other remedy before proceeding against Defendants.

/ / /

/ / /

/ / /

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

C.     **Default on the Loan Documents.**

29.     Plaintiff repeats, realleges and incorporates by reference all preceding allegations of the Complaint as though fully set forth herein at length.

30.     Pursuant to the terms and conditions of the Loan Documents, on or about July 23, 2009, Borrower defaulted by failing to satisfy one or more of the conditions precedent to the Loan Conversion Date listed therein, including but not limited to failure to satisfy the net income to debt service requirements ratio condition. Accordingly, the Loan Conversion Date was never triggered and all sums due and owing, including all interest, charges, fees and other sums, costs and expenses, became immediately due and payable.

31.     Pursuant to its rights under the Loan Documents, Plaintiff has declared the entire balance of not less than Nineteen Million Seven Hundred Eighty Two Thousand Six Hundred Eight and 33/100 Dollars (*$19,782,608.33*) (*the "Declared Default Amount"*), consisting of a principal balance of not less than Nineteen Million Three Hundred Seventy One Thousand Four Hundred Four and 33/100 Dollars ($19,371,404.33), late charges of not less than Four Hundred Four and 16/100 Dollars ($404.16), accrued interest of not less than Three Hundred Sixty Four Thousand Two Hundred Seventy Two and 67/100 Dollars ($364,272.67), which continues to accrue daily at the default rate from the date of default forward, plus research fees of not less than One Thousand Nine Hundred Ninety Five and 00/100 Dollars ($1,995.00), taxes of not less than Thirty Seven Thousand Five Hundred Thirty Two and 17/100 Dollars ($37,532.17), appraisal fees of not less than Seven Thousand and 00/100 Dollars ($7,000.00), and attorney's fees, to be immediately due and payable.

32.     Plaintiff performed faithfully pursuant to the terms and conditions of the Loan Documents.

33.     Plaintiff has demanded payment. Despite demand having been made, Borrower and Defendants have failed and refused, and continue to fail and refuse, to pay the amounts due and owing, and are in default of the Loan Documents and Guaranty Agreements.

34.     Pursuant to the terms and conditions of the Loan Documents and the Guaranty Agreements, Plaintiff is entitled to immediate payment of all amounts past due, including interest, late fees and attorney's fees.

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

35.     An amount in excess of Seventy Five Thousand Dollars ($75,000.00) is now due and payable, together with interest, attorney's fees and late fees, all of which continue to accrue, pursuant to the terms and conditions of the Loan Documents and Guaranty Agreements.

**D.     Foreclosure/Trustee's Sale**

36.     On or about March 23, 2012, Nevada Title Company, a Nevada corporation, as duly appointed or substituted Trustee under and pursuant to the Deed of Trust, conducted a trustee's sale whereupon Plaintiff purchased the Subject Property with a credit bid of Seven Million Six Hundred Thousand and 00/100 Dollars (*$7,600,000.00*) (*the "Sale Price"*). A true and correct copy of the Trustee's Deed Upon Sale is attached hereto as *Exhibit 1* and incorporated herein by this reference.

37.     On or about February 1, 2012, Plaintiff's appraisal expert, Keith Harper, MAI, determined that the Subject Property's retrospective as-is market value as of the date of the commencement of this action was Eleven Million Two Hundred Thousand and 00/100 Dollars (*$11,200,000.00*) (*the "Fair Market Value"*).

38.     Giving credit for the Fair Market Value as of the date of the commencement of this action, pursuant to Nevada Revised Statute ("NRS") 40.495(4)(b)(2), there is now existing and unpaid a remaining indebtedness, as that term is defined by NRS 40.465, in the amount of at least Eight Million Five Hundred Eighty Two Thousand Six Hundred Eight and 33/100 Dollars ($8,582,608.33).

## CLAIMS FOR RELIEF

### First Cause of Action

### (Breach of Guaranty - Frank)

39.     Plaintiff repeats, realleges and incorporates by reference all preceding allegations of the Complaint as though fully set forth herein at length.

40.     The Guaranty I is a valid contract existing between Plaintiff and Defendant Frank.

41.     Plaintiff has fully performed all of its obligations under the Loan Documents and the Guaranty I.

42.     Borrower has breached the terms of the Loan Documents by, among other things, failing to pay all sums due and owing and otherwise failing to comply with the terms of the Loan

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

Documents.

43.     Despite demand, Defendant Frank has failed and refused, and continues to fail and refuse to pay all sums due and owing pursuant to the terms and conditions of the Loan Documents, as is required pursuant to the Guaranty I, and is thus in breach of the Guaranty I.

44.     As a result of Defendant Frank's breach of the Guaranty I, Plaintiff has been damaged in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), subject to proof at trial.

45.     It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is, pursuant to the terms of the Loan Documents and the Guaranty I, entitled to an award of reasonable attorney's fees and costs incurred in having to prosecute this action.

### Second Cause of Action

### (Breach of Guaranty - The Frank Trust)

46.     Plaintiff repeats, realleges and incorporates by reference all preceding allegations of the Complaint as though fully set forth herein at length.

47.     The Guaranty I is a valid contract existing between Plaintiff and the Frank Trust.

48.     Plaintiff has fully performed all of its obligations under the Loan Documents and the Guaranty I.

49.     Borrower has breached the terms of the Loan Documents by, among other things, failing to pay all sums due and owing and otherwise failing to comply with the terms of the Loan Documents.

50.     Despite demand, the Frank Trust has failed and refused, and continues to fail and refuse to pay all sums due and owing pursuant to the terms and conditions of the Loan Documents, as is required pursuant to the Guaranty I, and is thus in breach of the Guaranty I.

51.     As a result of the Frank Trust's breach of the Guaranty I, Plaintiff has been damaged in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), subject to proof at trial.

52.     It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is, pursuant to the terms of the Loan Documents and the Guaranty I, entitled to

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

1    an award of reasonable attorney's fees and costs incurred in having to prosecute this action.

2                              **Third Cause of Action**

3                          **(Breach of Guaranty - Golshan)**

4        53.    Plaintiff repeats, realleges and incorporates by reference all preceding allegations of

5    the Complaint as though fully set forth herein at length.

6        54.    The Guaranty I is a valid contract existing between Plaintiff and Defendant Golshan.

7        55.    Plaintiff has fully performed all of its obligations under the Loan Documents and the

8    Guaranty I.

9        56.    Borrower has breached the terms of the Loan Documents by, among other things,

10   failing to pay all sums due and owing and otherwise failing to comply with the terms of the Loan

11   Documents.

12       57.    Despite demand, Defendant Golshan has failed and refused, and continues to fail and

13   refuse to pay all sums due and owing pursuant to the terms and conditions of the Loan Documents,

14   as is required pursuant to the Guaranty I, and is thus in breach of the Guaranty I.

15       58.    As a result of Defendant Golshan's breach of the Guaranty I, Plaintiff has been

16   damaged in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), subject

17   to proof at trial.

18       59.    It has been necessary for Plaintiff to retain the services of an attorney to prosecute this

19   action and Plaintiff is, pursuant to the terms of the Loan Documents and the Guaranty I, entitled to

20   an award of reasonable attorney's fees and costs incurred in having to prosecute this action.

21                             **Fourth Cause of Action**

22                         **(Breach of Guaranty - AGA Trust)**

23       60.    Plaintiff repeats, realleges and incorporates by reference all preceding allegations of

24   the Complaint as though fully set forth herein at length..

25       61.    The Guaranty I is a valid contract existing between Plaintiff and AGA Trust.

26       62.    Plaintiff has fully performed all of its obligations under the Loan Documents and the

27   Guaranty I.

28       63.    Borrower has breached the terms of the Loan Documents by, among other things,

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

failing to pay all sums due and owing and otherwise failing to comply with the terms of the Loan Documents.

64. Despite demand, AGA Trust has failed and refused, and continues to fail and refuse to pay all sums due and owing pursuant to the terms and conditions of the Loan Documents, as is required pursuant to the Guaranty I, and is thus in breach of the Guaranty I.

65. As a result of AGA Trust's breach of the Guaranty I, Plaintiff has been damaged in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), subject to proof at trial.

66. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is, pursuant to the terms of the Loan Documents and the Guaranty I, entitled to an award of reasonable attorney's fees and costs incurred in having to prosecute this action.

### Fifth Cause of Action

### (Breach of Guaranty - Merrill)

67. Plaintiff repeats, realleges and incorporates by reference all preceding allegations of the Complaint as though fully set forth herein at length.

68. The Guaranty I is a valid contract existing between Plaintiff and Merrill.

69. Plaintiff has fully performed all of its obligations under the Loan Documents and the Guaranty I.

70. Borrower has breached the terms of the Loan Documents by, among other things, failing to pay all sums due and owing and otherwise failing to comply with the terms of the Loan Documents.

71. Despite demand, Merrill has failed and refused, and continues to fail and refuse to pay all sums due and owing pursuant to the terms and conditions of the Loan Documents, as is required pursuant to the Guaranty I, and is thus in breach of the Guaranty I.

72. As a result of Merrill's breach of the Guaranty I, Plaintiff has been damaged in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), subject to proof at trial.

73. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

action and Plaintiff is, pursuant to the terms of the Loan Documents and the Guaranty I, entitled to an award of reasonable attorney's fees and costs incurred in having to prosecute this action.

<b>Sixth Cause of Action</b>

<b>(Breach of Guaranty - Fiesta Station)</b>

74.     Plaintiff repeats, realleges and incorporates by reference all preceding allegations of the Complaint as though fully set forth herein at length.

75.     The Guaranty I is a valid contract existing between Plaintiff and Fiesta Station.

76.     Plaintiff has fully performed all of its obligations under the Loan Documents and the Guaranty I.

77.     Borrower has breached the terms of the Loan Documents by, among other things, failing to pay all sums due and owing and otherwise failing to comply with the terms of the Loan Documents.

78.     Despite demand, Fiesta Station has failed and refused, and continues to fail and refuse to pay all sums due and owing pursuant to the terms and conditions of the Loan Documents, as is required pursuant to the Guaranty I, and is thus in breach of the Guaranty I.

79.     As a result of Fiesta Station's breach of the Guaranty, Plaintiff has been damaged in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), subject to proof at trial.

80.     It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is, pursuant to the terms of the Loan Documents and the Guaranty I, entitled to an award of reasonable attorney's fees and costs incurred in having to prosecute this action.

<b>Seventh Cause of Action</b>

<b>(Breach of Guaranty - AGA)</b>

81.     Plaintiff repeats, realleges and incorporates by reference all preceding allegations of the Complaint as though fully set forth herein at length.

82.     The Guaranty II is a valid contract existing between Plaintiff and AGA.

83.     Plaintiff has fully performed all of its obligations under the Loan Documents and the Guaranty II.

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

84. Borrower has breached the terms of the Loan Documents by, among other things, failing to pay all sums due and owing and otherwise failing to comply with the terms of the Loan Documents.

85. Despite demand, AGA has failed and refused, and continues to fail and refuse to pay all sums due and owing pursuant to the terms and conditions of the Loan Documents, as is required pursuant to the Guaranty II, and is thus in breach of the Guaranty II.

86. As a result of AGA's breach of the Guaranty II, Plaintiff has been damaged in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), subject to proof at trial.

87. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is, pursuant to the terms of the Loan Documents and the Guaranty II, entitled to an award of reasonable attorney's fees and costs incurred in having to prosecute this action.

### Eighth Cause of Action

### (Breach of Guaranty - Weber)

88. Plaintiff repeats, realleges and incorporates by reference all preceding allegations of the Complaint as though fully set forth herein at length.

89. The Guaranty II is a valid contract existing between Plaintiff and Weber.

90. Plaintiff has fully performed all of its obligations under the Loan Documents and the Guaranty II.

91. Borrower has breached the terms of the Loan Documents by, among other things, failing to pay all sums due and owing and otherwise failing to comply with the terms of the Loan Documents.

92. Despite demand, Weber has failed and refused, and continues to fail and refuse to pay all sums due and owing pursuant to the terms and conditions of the Loan Documents, as is required pursuant to the Guaranty II, and is thus in breach of the Guaranty II.

93. As a result of Weber's breach of the Guaranty II, Plaintiff has been damaged in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), subject to proof at trial.

94.     It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is, pursuant to the terms of the Loan Documents and the Guaranty II, entitled to an award of reasonable attorney's fees and costs incurred in having to prosecute this action.

### Ninth Cause of Action

### (Contractual Breach of Covenant of Good Faith and Fair Dealing - All Defendants)

95.     Plaintiff repeats, realleges and incorporates by reference all preceding allegations of the Complaint as though fully set forth herein at length.

96.     Implied in the Guaranty Agreements is a covenant of good faith and fair dealing.

97.     Defendants have performed contrary to the justified expectations of Plaintiff thereby constituting a contractual breach of the implied covenant of good faith and fair dealing.

98.     Defendants' contractual breach of the implied covenant of good faith and fair dealing has caused Plaintiff to suffer damages in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00) subject to proof of trial.

99.     It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is, pursuant to the terms of the Loan Documents and the Guaranty Agreements, entitled to an award of reasonable attorney's fees and costs incurred in having to prosecute this action.

### Tenth Cause of Acton

### (Unjust Enrichment - All Defendants)

100.     Plaintiff repeats, realleges and incorporates by reference all preceding allegations of the Complaint as though fully set forth herein at length.

101.     Plaintiff has conferred a benefit upon the Defendants by virtue of its performance under the terms and conditions of the Loan Documents.

102.     The retention of the benefit by Defendants without payment to Plaintiff would unjustly enrich Defendants to the detriment of Plaintiff.

103.     As a result of the Defendants' breach, Plaintiff has been damaged in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), subject to proof at trial.

104.     It has been necessary for Plaintiff to retain the services of an attorney to prosecute this

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

1   action and Plaintiff is, pursuant to the terms of the Loan Documents and the Guaranty Agreements,

2   entitled to an award of reasonable attorney's fees and costs incurred in having to prosecute this

3   action.

### Eleventh Cause of Action

**(Judgment Pursuant to NRS 40.495 - All Defendants)**

6   105.    Plaintiff repeats, realleges and incorporates by reference all preceding allegations of

7   the Complaint as though fully set forth herein at length.

8   106.    Plaintiff fully performed all of its obligations under the Loan Documents and the

9   Guaranty Agreements referenced herein.

10   107.    Borrower breached the terms of the Loan Documents by, among other things, failing

11   to pay all sums due and owing and otherwise failing to comply with the terms of the Loan

12   Documents.

13   108.    Despite demand, Defendants failed and refused, and continue to fail and refuse to pay

14   all sums due and owing pursuant to the terms and conditions of the Loan Documents and Guaranty

15   Agreements, and are thus in breach of the Guaranty Agreements.

16   109.    Plaintiff was entitled upon default by Borrower to foreclose upon the Subject Property

17   secured by the Deed of Trust and is further entitled to apply the proceeds of the sale to the amounts

18   due and owing by Defendants, as guarantors, pursuant to Nevada law.

19   110.    Plaintiff foreclosed on its security interest pursuant to the Deed of Trust and on March

20   23, 2012 Plaintiff purchased the Subject Property at a non-judicial foreclosure sale with a credit bid

21   of Seven Million, Six Hundred Thousand and 00/100Dollars ($7,600,000.00).

22   111.    The Subject Property's Fair Market Value as of the date of the commencement of this

23   action was Eleven Million Two Hundred Thousand and 00/100 Dollars ($11,200,000.00) (the "Fair

24   Market Value").

25   112.    Giving credit for the Fair Market Value as of the date of the commencement of this

26   action, pursuant to NRS 40.495(4)(b)(2), there is now existing and unpaid a remaining indebtedness,

27   as that term is defined by NRS 40.465, in the amount of at least Eight Million Five Hundred Eighty

28   Two Thousand Six Hundred Eight and 33/100 Dollars ($8,582,608.33).

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

113.  Plaintiff has thus been damaged in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00) to be proven at trial.

114.  It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is, pursuant to the terms of the Loan Documents and the Guaranty Agreements, entitled to an award of reasonable attorney's fees and costs incurred in having to prosecute this action.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1.  For Judgment against Defendants, jointly and severally, in favor of Plaintiff, in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00) to be proven at trial;

2.  For Plaintiff's reasonable attorney's fees and costs incurred in bringing this action; and

3.  For such other and further relief as the Court may deem just and appropriate.

DATED this __16th__ day of April, 2012.

SYLVESTER & POLEDNAK, LTD.

By_____
    Allyson R. Noto, Esq.
    Matthew T. Kneeland, Esq.
    1731 Village Center Circle
    Las Vegas, Nevada 89134
    *Attorneys for Plaintiff*

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

-16-

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I am an employee of Sylvester & Polednak, Ltd., and that pursuant to L.R. 5-3, I caused to be electronically filed on this _11th_ day of April, 2012, a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system by electronic transmission to the parties on electronic file and via mail to the movant as set forth below:

Frank Flansburg, Esq.
Candice Renka, Esq.
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, NV 89145
*crenka@marquisaurbach.com*

An employee of Sylvester & Polednak, Ltd.

SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, Nevada 89134
Phone (702) 952-5200

-17-

# EXHIBIT "1"

Inst #: 201204050000317
Fees: $30.00 N/C Fee: $0.00
RPTT: $38760.00 Ex: #
04/05/2012 08:03:35 AM
CONFORMCOPY
Requestor:
NEVADA TITLE LAS VEGAS
Recorded By: ADF   Pgs: 15
DEBBIE CONWAY
CLARK COUNTY RECORDER

APN: 139-19-510-002

RETURN/MAIL TAX STATEMENTS TO:

BRANCH BANKING AND TRUST
COMPANY ATTN: BB&T CREO ADMIN.
2000 INTERSTATE PARK, STE 400
MONTGOMERY, AL. 36109

TRUSTEE'S DEED UPON SALE

FCL NO. B1-07-0022 FCL     R.P.T.T $ 38,760.00

THIS INDENTURE, made MARCH 23, 2012 between NEVADA TITLE
COMPANY a Nevada corporation, as Trustee as hereinafter stated,
herein called Trustee, and

BRANCH BANKING AND TRUST COMPANY
herein called Grantee, WITNESSETH:

WHEREAS, STATION PLAZA PARTNERS, LLC, A NEVADA LIMITED
LIABILITY COMPANY     , by Deed of Trust dated APRIL 19, 2005,
and recorded on APRIL 25, 2005, in Book 20050425, as Document
No. 0004542, in the Office of the County Recorder of CLARK
County, State of Nevada as modified or amended, if applicable
(the "Deed of Trust"), did grant and convey to said Trustee,
upon the trusts therein expressed, the property hereinafter
described, among other uses and purposes to secure the payment
of that certain obligation and interest according to the terms
thereof, and other sums of money advanced, with interest
thereon, to which reference is hereby made; and,

WHEREAS, breach and default was made under the terms of said
Deed of Trust in the particulars set forth in the Notice of
Breach and Election to Sell Under Deed of Trust hereinafter
referred to, to which reference is hereby made; and,

WHEREAS, the Beneficiary or holder of said note did execute and
deliver to the Trustee written Declaration of Default and
Demand for Sale and thereafter there was filed for record on
AUGUST 2, 2011 in the Office of the County Recorder of CLARK
County, Nevada, a Notice of Breach and Election to Sell Under
Deed of Trust to cause the Trustee to sell said property to
satisfy the obligations secured by said Deed of Trust, which
said Notice was recorded as Instrument No. 201108020000155 in
the Office of the County Recorder of CLARK County, Nevada; and,

WHEREAS, Trustee, in consequence of said election, declaration
of default, and demand for sale, and in compliance with said
Deed of Trust and with the statutes in such cases made and

provided, made and published three (3) times, once each week for three (3) consecutive weeks, before the date of sale therein fixed in a newspaper of general circulation in the county and state in which the premises to be sold are situated, Notice of Sale as required by law, containing a correct description of the property to be sold and stating that the Trustee would under the provisions of said Deed of Trust sell the property therein and herein described at public auction to the highest bidder for cash in lawful money of the United States on MARCH 23, 2012, at the hour of 9:30 AM of said day, at the front entrance to Nevada Legal News, 930 S. Fourth Street, in the city of Las Vegas, County of Clark, State of Nevada; and,

WHEREAS, a similar copy of said Notice of Sale was posted in a public place in the county where the property is situated for twenty (20) days successively before the date of sale therein fixed; and,

WHEREAS, compliance having been made with all of the statutory provisions of the State of Nevada and with all of the provisions of said Deed of Trust as to the acts to be performed and notices to be given, and in particular, full compliance having been made with all requirements of law regarding the service of notices required by statute, and with the Servicemembers Civil Relief Act (108 P.L. 189; 117 Stat. 2835; 2003 Enacted H.R. 100), said Trustee, at such time and place did then and there at public auction sell the property hereinafter described to said Grantee for the sum of SEVEN MILLION SIX HUNDRED THOUSAND AND NO/100 DOLLARS ($7,600,000.00), in partial satisfaction of the indebtedness secured by said Deed of Trust, said Grantee being the highest and best bidder therefore. There is a deficiency of the proceeds of the sale and a balance remaining due to the Beneficiary of said Deed of Trust and said Beneficiary reserves all rights under NRS 40.451 thru 40.459.


NOW, THEREFORE, Trustee, in consideration of the premises recited and the sum herein mentioned bid and paid by the Grantee, the receipt of which is hereby acknowledged, and by virtue of these premises, does GRANT AND CONVEY, but without warranty or covenants, express or implied, unto said Grantee all right and interest under said Deed of Trust in that certain property situated in the County of CLARK, State of Nevada, described as follows:


SEE EXHIBIT "A" ATTACHED HERETO AND BY REFERENCE MADE A PART HEREOF

Together with any and all singular improvements, fixtures, tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

IN WITNESS WHEREOF the said NEVADA TITLE COMPANY, has this day, caused its corporate name to be affixed hereto and this instrument to be executed by its authorized officers.

DATED: MARCH 23, 2012

NEVADA TITLE COMPANY, Trustee

BY: _____
SUE DUDZINSKI, SR VICE PRESIDENT

BY _____
EILEEN BECHTOL, SR VICE PRESIDENT


STATE OF: ___NEVADA_____

COUNTY OF: ___CLARK_____

This instrument was acknowledged before me on ___MARCH 23, 2012_____ by ___SUE DUDZINSKI AND EILEEN___ ___BECHTOL AS SR VICE PRESIDNETS OF NEVADA TITLE COMPANY___

Signature: _n. m. Dobar_____
             (Notary Public)

N. M. DOBAR
Notary Public State of Nevada
No. 99-50932-1
My appl. exp. Nov. 7, 2014

n.m. Dobar
no. 99-50932-1
Exp. Nov. 7, 2014


(B1-07-0022 FCL / TRUSTEE'S DEED)

Escrow No.: B1-07-0022-FCL

## EXHIBIT "A"

### LEGAL DESCRIPTION

**PARCEL I:**

A PORTION OF LOT 1 AS SHOWN ON THAT CERTAIN FINAL MAP RECORDED IN BOOK 130, PAGE 58 OF PLATS ON FILE AT THE CLARK COUNTY, NEVADA RECORDER'S OFFICE AND LYING WITHIN THE NORTHEAST QUARTER (NE ¼) OF SECTION 19, TOWNSHIP 20 SOUTH, RANGE 61 EAST, M.D.M., CITY OF NORTH LAS VEGAS, CLARK COUNTY, NEVADA, DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF SAID LOT 1, BEING ON THE SOUTH RIGHT-OF-WAY OF CAREY AVENUE (PRESENTLY 100.00 FEET WIDE); THENCE ALONG THE NORTH LINE OF SAID LOT 1 AND SAID SOUTH RIGHT-OF-WAY OF CAREY AVENUE, NORTH 89°50'46" EAST, 529.17 FEET TO THE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID SOUTHERLY RIGHT-OF-WAY AND SAID NORTH LINE OF LOT 1, NORTH 89°50'46" EAST, 494.45 FEET TO THE NORTHEAST CORNER OF SAID LOT 1; THENCE DEPARTING SAID SOUTH RIGHT-OF-WAY AND ALONG THE EAST BOUNDARY OF SAID LOT 1, SOUTH 00°19'00" WEST, 279.34 FEET; THENCE DEPARTING THE EAST BOUNDARY OF SAID LOT 1, SOUTH 89°50'32" WEST, 235.66 FEET TO THE BEGINNING OF A CURVE, CONCAVE TO THE NORTHEAST, HAVING A RADIUS OF 8.00 FEET; THENCE NORTHWESTERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 90°00'00", AN ARC LENGTH OF 12.57 FEET; THENCE NORTH 00°09'28" WEST, 82.68 FEET TO THE BEGINNING OF A CURVE, CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 38.00 FEET; THENCE NORTHWESTERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 90°00'00", AN ARC LENGTH OF 59.69 FEET; THENCE SOUTH 89°50'32" WEST, 210.48 FEET; THENCE NORTH 00°09'28" WEST, 150.68 FEET TO THE POINT OF BEGINNING.

**PARCEL II:**

THAT PORTION OF THE EAST HALF (E ½) OF THE NORTHEAST QUARTER (NE ¼) OF SECTION 19, TOWNSHIP 20 SOUTH, RANGE 61 EAST, M.D.M., CITY OF NORTH LAS VEGAS, CLARK COUNTY, NEVADA, BEING A PORTION OF THE COMMERCIAL SUBDIVISION ON FILE IN BOOK 130 OF PLATS, AT PAGE 58, AS SHOWN ON THE RECORD OF SURVEY ON FILE IN FILE 167 OF

SURVEYS, AT PAGE 78 AND ON THE CERTIFICATE OF AMENDMENT RECORDED OCTOBER 18, 2007 IN BOOK 20071018 AS DOCUMENT NUMBER 003695 AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF SAID COMMERCIAL SUBDIVISION AS SHOWN IN PLAT BOOK 130, PAGE 58; SAID POINT ON THE NORTHERLY RIGHT-OF-WAY OF LAKE MEAD BLVD. AND BEING THE BEGINNING OF A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 1550.00 FEET SAID POINT HAVING A RADIAL BEARING OF NORTH 32°43'56" EAST; THENCE SOUTHEASTERLY ALONG SAID CURVE AND SAID RIGHT-OF-WAY, A DISTANCE OF 3.59 FEET THROUGH A CENTRAL ANGLE OF 00°07'57" TO A POINT OF TANGENCY; THENCE SOUTH 57°08'07" EAST, A DISTANCE OF 553.91 FEET TO THE MOST WESTERLY SOUTHWEST CORNER AND POINT OF BEGINNING OF SAID LOT 1-5;

THENCE NORTH 32°51'53" EAST, DEPARTING SAID NORTHERLY RIGHT OF WAY, A DISTANCE OF 28.81 FEET TO THE BEGINNING OF A CURVE CONCAVE WESTERLY HAVING A RADIUS OF 223.00 FEET; THENCE NORTHERLY, ALONG SAID CURVE, A DISTANCE OF 128.53 FEET THROUGH A CENTRAL ANGLE OF 33°01'22" TO A POINT OF TANGENCY; THENCE NORTH 00°09'28" WEST, A DISTANCE OF 164.46 FEET; THENCE NORTH 89°50'32" EAST, A DISTANCE OF 32.84 FEET; THENCE SOUTH 00°09'28" EAST, A DISTANCE OF 30.50 FEET; THENCE NORTH 89°50'32" EAST, A DISTANCE OF 93.50 FEET; THENCE SOUTH 00°09'28" EAST, A DISTANCE OF 60.00 FEET; THENCE NORTH 89°50'32" EAST, A DISTANCE OF 9.00 FEET; THENCE SOUTH 00°09'28" EAST, A DISTANCE OF 136.19 FEET; THENCE SOUTH 51°49'08" WEST, A DISTANCE OF 104.08 FEET; THENCE SOUTH 32°51'53" WEST, A DISTANCE OF 73.48 FEET TO THE NORTHERLY RIGHT-OF-WAY OF SAID LAKE MEAD BLVD.; THENCE NORTH 57°08'07" WEST, ALONG SAID RIGHT-OF-WAY, A DISTANCE OF 77.56 FEET TO THE POINT OF BEGINNING.

**PARCEL III:**

A PORTION OF LOT 1 AS SHOWN ON THAT CERTAIN FINAL MAP RECORDED IN BOOK 130, PAGE 58 OF PLATS ON FILE AT THE CLARK COUNTY, NEVADA RECORDER'S OFFICE AND LYING WITHIN THE NORTHEAST QUARTER (NE ¼) OF SECTION 19, TOWNSHIP 20 SOUTH, RANGE 61 EAST, M.D.M., CITY OF NORTH LAS VEGAS, CLARK COUNTY, NEVADA, DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHEAST CORNER OF SAID SECTION 19, BEING A POINT ON THE CENTERLINE OF CAREY AVENUE (PRESENTLY A 100.00

FEET WIDE RIGHT-OF-WAY) THENCE ALONG THE EAST LINE OF THE NORTHEAST QUARTER (NE ¼) OF SAID SECTION 19, SOUTH 00°19'19" WEST, 550.00 FEET TO THE NORTHEAST CORNER OF SAID LOT 1 AND THE POINT OF BEGINNING; THENCE ALONG THE BOUNDARY OF SAID LOT 1 THE FOLLOWING FIVE (5) COURSES:

    (1) SOUTH 00°19'19" WEST, 1260.79 FEET TO THE SOUTHEAST CORNER OF SAID LOT 1

    (2) NORTH 89°40'41" WEST, 30.00 FEET TO THE BEGINNING OF A NON-TANGENT CURVE, CONCAVE TO THE NORTHWEST, HAVING A RADIUS OF 25.00 FEET, FROM WHICH BEGINNING THE RADIUS BEARS NORTH 89°40'41" WEST;

    (3) SOUTHWESTERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 99°42'10", AN ARC LENGTH OF 43.50 FEET TO THE BEGINNING OF A COMPOUND CURVE, CONCAVE TO THE NORTHEAST, HAVING A RADIUS OF 1450.00 FEET, FROM WHICH BEGINNING THE RADIUS BEARS NORTH 10°01'29" EAST;

    (4) NORTHWESTERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 22°50'25", AN ARC LENGTH OF 578.02 FEET;

    (5) NORTH 57°08'07" WEST, 415.22 FEET;

THENCE DEPARTING THE BOUNDARY OF SAID LOT 1, NORTH 32°51'53" EAST, 28.81 FEET TO THE BEGINNING OF A CURVE, CONCAVE TO THE NORTHWEST, HAVING A RADIUS OF 223.00 FEET; THENCE NORTHERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 33°01'22", AN ARC LENGTH OF 128.53 FEET; THENCE NORTH 00°09'28" WEST, 196.80 FEET; THENCE NORTH 89°50'32" EAST, 486.34 FEET; THENCE NORTH 00°09'28" WEST, 504.72 FEET; THENCE NORTH 89°50'31" EAST, 13.97 FEET TO A POINT ON THE NORTH BOUNDARY OF SAID LOT 1; THENCE CONTINUING ALONG THE NORTH BOUNDARY OF SAID LOT 1, NORTH 89°50'31" EAST, 399.95 FEET TO THE POINT OF BEGINNING.

## EXCEPTING THEREFROM THE FOLLOWING PARCEL

THAT PORTION OF THE EAST HALF (E ½) OF THE NORTHEAST QUARTER (NE ¼) OF SECTION 19, TOWNSHIP 20 SOUTH, RANGE 61 EAST, M.D.M., CITY OF NORTH LAS VEGAS, CLARK COUNTY, NEVADA, BEING A PORTION OF THE COMMERCIAL SUBDIVISION ON FILE IN BOOK 130 OF PLATS, AT PAGE 58, AS SHOWN ON THE RECORD OF SURVEY ON FILE IN FILE 167 OF SURVEYS, AT PAGE 78 AND ON THE CERTIFICATE OF AMENDMENT RECORDED OCTOBER 18, 2007 IN BOOK 20071018 AS DOCUMENT NUMBER 003695 AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF SAID COMMERCIAL SUBDIVISION AS SHOWN IN PLAT BOOK 130, PAGE 58; SAID POINT ON THE NORTHERLY RIGHT-OF-WAY OF LAKE MEAD BLVD. AND BEING THE BEGINNING OF A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 1550.00 FEET SAID POINT HAVING A RADIAL BEARING OF NORTH 32°43'56" EAST; THENCE SOUTHEASTERLY ALONG SAID CURVE AND SAID RIGHT-OF-WAY, A DISTANCE OF 3.59 FEET THROUGH A CENTRAL ANGLE OF 00°07'57" TO A POINT OF TANGENCY; THENCE SOUTH 57°08'07" EAST, A DISTANCE OF 553.91 FEET TO THE MOST WESTERLY SOUTHWEST CORNER AND POINT OF BEGINNING OF SAID LOT 1-5;

THENCE NORTH 32°51'53" EAST, DEPARTING SAID NORTHERLY RIGHT OF WAY, A DISTANCE OF 28.81 FEET TO THE BEGINNING OF A CURVE CONCAVE WESTERLY HAVING A RADIUS OF 223.00 FEET; THENCE NORTHERLY, ALONG SAID CURVE, A DISTANCE OF 128.53 FEET THROUGH A CENTRAL ANGLE OF 33°01'22" TO A POINT OF TANGENCY; THENCE NORTH 00°09'28" WEST, A DISTANCE OF 164.46 FEET; THENCE NORTH 89°50'32" EAST, A DISTANCE OF 32.84 FEET; THENCE SOUTH 00°09'28" EAST, A DISTANCE OF 30.50 FEET; THENCE NORTH 89°50'32" EAST, A DISTANCE OF 93.50 FEET; THENCE SOUTH 00°09'28" EAST, A DISTANCE OF 60.00 FEET; THENCE NORTH 89°50'32" EAST, A DISTANCE OF 9.00 FEET; THENCE SOUTH 00°09'28" EAST, A DISTANCE OF 136.19 FEET; THENCE SOUTH 51°49'08" WEST, A DISTANCE OF 104.08 FEET; THENCE SOUTH 32°51'53" WEST, A DISTANCE OF 73.48 FEET TO THE NORTHERLY RIGHT-OF-WAY OF SAID LAKE MEAD BLVD.; THENCE NORTH 57°08'07" WEST, ALONG SAID RIGHT-OF-WAY, A DISTANCE OF 77.56 FEET TO THE POINT OF BEGINNING.

**FURTHER EXCEPTING THE FOLLOWING PARCEL**

THAT PORTION OF THE EAST HALF (E ½) OF THE NORTHEAST QUARTER (NE ¼) OF SECTION 19, TOWNSHIP 20 SOUTH, RANGE 61 EAST, M.D.M., CITY OF NORTH LAS VEGAS, CLARK COUNTY, NEVADA, BEING A PORTION OF THE COMMERCIAL SUBDIVISION ON FILE IN BOOK 130 OF PLATS, AT PAGE 58 AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY SOUTHEAST CORNER OF SAID COMMERCIAL SUBDIVISION AS SHOWN IN PLAT BOOK 130, PAGE 58; SAID POINT BEING THE EAST LINE OF THE NORTHEAST QUARTER (NE1/4) OF THE NORTHEAST QUARTER (NE1/4) OF SAID SECTION 19; THENCE NORTH 89°40'41" WEST, DEPARTING SAID EAST LINE, A DISTANCE OF 30.00 FEET, ALONG A RADIAL LINE, TO THE BEGINNING OF A CURVE CONCAVE NORTHWESTERLY, HAVING A RADIUS OF 25.00 FEET; THENCE

SOUTHWESTERLY, A DISTANCE OF 43.50 FEET ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 99°42'10'' TO A POINT ON THE CURVING NORTHERLY RIGHT-OF-WAY OF LAKE MEAD BLVD., HAVING A RADIUS OF 1450.00, A RADIAL LINE TO SAID POINT BEARS NORTH 10°01'29'' EAST; THENCE NORTHWESTERLY, ALONG SAID CURVING NORTHERLY RIGHT-OF-WAY OF LAKE MEAD BLVD., A DISTANCE OF 318.99 FEET, THROUGH A CENTRAL ANGLE OF 12°36'17''; THENCE NORTH 08°01'48'' EAST, DEPARTING SAID NORTHERLY RIGHT-OF-WAY, A DISTANCE OF 161.15 FEET; THENCE SOUTH 75°37'02'' EAST, A DISTANCE OF 165.96 FEET TO THE BEGINNING OF A CURVE CONCAVE SOUTHWESTERLY, HAVING A RADIUS OF 140.25 FEET; THENCE SOUTHEASTERLY, A DISTANCE OF 39.96 FEET ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 16°19'33'', TO THE BEGINNING OF A REVERSE CURVE CONCAVE NORTHEASTERLY, HAVING A RADIUS OF 138.75 FEET, A RADIAL BEARING TO SAID BEGINNING BEARS SOUTH 30°42'31'' WEST; THENCE SOUTHEASTERLY, A DISTANCE OF 55.60 FEET ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 22°57'34''; THENCE NORTH 00°19'19'' EAST, 53.42 FEET; THENCE SOUTH 89°40'41'' EAST, 30.00 FEET; THENCE NORTH 00°19'19'' EAST 9.00 FEET; THENCE SOUTH 89°40'41'' EAST, 63.50 FEET TO THE EAST LINE OF THE NORTHEAST QUARTER (NE1/4) OF SAID SECTION 19, THENCE SOUTH 00°19'19''WEST, ALONG SAID EAST LINE, A DISTANCE OF 211.96 FEET TO THE POINT OF BEGINNING.

**FURTHER EXCEPTING THE FOLLOWING PARCEL**

THAT PORTION OF THE EAST HALF (E ½) OF THE NORTHEAST QUARTER (NE ¼) OF SECTION 19, TOWNSHIP 20 SOUTH, RANGE 61 EAST, M.D.M., CITY OF NORTH LAS VEGAS, CLARK COUNTY, NEVADA, BEING A PORTION OF THE COMMERCIAL SUBDIVISION ON FILE IN BOOK 130 OF PLATS, AT PAGE 58 AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF SAID COMMERCIAL SUBDIVISION AS SHOWN IN PLAT BOOK 130, PAGE 58; SAID POINT BEING ON THE NORTHERLY RIGHT-OF-WAY OF LAKE MEAD BLVD. AND BEING THE BEGINNING OF A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 1550.00 FEET. SAID POINT HAVING A RADIAL BEARING OF NORTH 32°43'56'' EAST; THENCE SOUTHEASTERLY ALONG SAID CURVE AND SAID RIGHT-OF-WAY, A DISTANCE OF 3.59 FEET THROUGH A CENTRAL ANGLE OF 00°07'57'' TO A POINT OF TANGENCY; THENCE SOUTH 57°08'07'' EAST, A DISTANCE OF 794.17 FEET TO THE MOST WESTERLY SOUTHWEST CORNER AND POINT OF BEGINNING OF SAID LOT 1-3;

THENCE NORTH 32°39'42'' EAST, DEPARTING SAID NORTHERLY RIGHT-OF-WAY, A DISTANCE OF 169.05 FEET; THENCE NORTH 00°09'28'' WEST, A DISTANCE OF 141.52 FEET; THENCE NORTH 89°50'32'' EAST, A DISTANCE OF 75.50 FEET; THENCE NORTH 00°09'28'' WEST, A DISTANCE OF 30.50 FEET; THENCE NORTH 89°50'32'' EAST, A DISTANCE OF 39.50 FEET; THENCE SOUTH 00°09'28'' EAST, A DISTANCE OF 284.08 FEET; THENCE SOUTH 31°52'24'' WEST, A DISTANCE OF 137.78 FEET TO THE NORTHERLY RIGHT-OF-WAY OF SAID LAKE MEAD BLVD.; THENCE NORTH 57°08'07'' WEST, ALONG SAID RIGHT-OF-WAY, A DISTANCE OF 159.32 FEET TO THE POINT OF BEGINNING.

**FURTHER EXCEPTING THE FOLLOWING PARCEL**

THAT PORTION OF THE EAST HALF (E ½) OF THE NORTHEAST QUARTER (NE ¼) OF SECTION 19, TOWNSHIP 20 SOUTH, RANGE 61 EAST, M.D.M., CITY OF NORTH LAS VEGAS, CLARK COUNTY, NEVADA, BEING A PORTION OF THE COMMERCIAL SUBDIVISION ON FILE IN BOOK 130 OF PLATS, AT PAGE 58 AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF SAID COMMERCIAL SUBDIVISION AS SHOWN IN PLAT BOOK 130, PAGE 58; SAID POINT BEING ON THE NORTHERLY RIGHT-OF-WAY OF LAKE MEAD BLVD. AND BEING THE BEGINNING OF A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 1550.00 FEET. SAID POINT HAVING A RADIAL BEARING OF NORTH 32°43'56'' EAST; THENCE SOUTHEASTERLY ALONG SAID CURVE AND SAID RIGHT-OF-WAY, A DISTANCE OF 3.59 FEET THROUGH A CENTRAL ANGLE OF 00°07'57'' TO A POINT OF TANGENCY; THENCE SOUTH 57°08'07'' EAST, A DISTANCE OF 631.47 FEET TO THE MOST WESTERLY SOUTHWEST CORNER AND POINT OF BEGINNING OF SAID LOT 1-4;

THENCE NORTH 32°51'53'' EAST, DEPARTING SAID NORTHERLY RIGHT-OF-WAY, A DISTANCE OF 73.48 FEET; THENCE NORTH 51°49'08'' EAST, A DISTANCE OF 104.08 FEET; THENCE NORTH 00°09'28'' WEST, A DISTANCE OF 136.19 FEET; THENCE NORTH 89°50'32'' EAST, A DISTANCE OF 208.50 FEET; THENCE SOUTH 00°09'28'' EAST, A DISTANCE OF 36.50 FEET; THENCE SOUTH 89°50'32'' WEST, A DISTANCE OF 27.00 FEET; THENCE SOUTH 00°09'28'' EAST, A DISTANCE OF 30.50 FEET; THENCE SOUTH 89°50'32'' WEST, A DISTANCE OF 70.50 FEET; THENCE SOUTH 00°09'28'' EAST, A DISTANCE OF 141.52 FEET; THENCE SOUTH 32°39'42'' WEST, A DISTANCE OF 169.05 FEET TO THE NORTHERLY RIGHT-OF-WAY OF SAID LAKE MEAD BLVD.; THENCE NORTH 57°08'07'' WEST, ALONG SAID RIGHT-OF-WAY, A DISTANCE OF 162.70 FEET TO THE POINT OF BEGINNING.

**FURTHER EXCEPTING THE FOLLOWING PARCEL**

THAT PORTION OF THE EAST HALF (E ½) OF THE NORTHEAST QUARTER (NE ¼) OF SECTION 19, TOWNSHIP 20 SOUTH, RANGE 61 EAST, M.D.M., CITY OF NORTH LAS VEGAS, CLARK COUNTY, NEVADA, BEING A PORTION OF THE COMMERCIAL SUBDIVISION ON FILE IN BOOK 130 OF PLATS, AT PAGE 58 AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF SAID COMMERCIAL SUBDIVISION AS SHOWN IN PLAT BOOK 130, PAGE 58; SAID POINT BEING ON THE NORTHERLY RIGHT-OF-WAY OF LAKE MEAD BLVD. AND BEING THE BEGINNING OF A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 1550.00 FEET. SAID POINT HAVING A RADIAL BEARING OF NORTH 32°43'56'' EAST; THENCE SOUTHEASTERLY ALONG SAID CURVE AND SAID RIGHT-OF-WAY, A DISTANCE OF 3.59 FEET THROUGH A CENTRAL ANGLE OF 00°07'57'' TO A POINT OF TANGENCY; THENCE SOUTH 57°08'07'' EAST, A DISTANCE OF 953.49 FEET TO THE MOST WESTERLY SOUTHWEST CORNER AND POINT OF BEGINNING OF SAID LOT 1-2;

THENCE NORTH 31°51'24'' EAST, DEPARTING SAID NORTHERLY RIGHT-OF-WAY, A DISTANCE OF 137.78 FEET; THENCE NORTH 00°09'28'' WEST, A DISTANCE OF 284.08 FEET; THENCE NORTH 89°50'32'' EAST, A DISTANCE OF 12.50 FEET; THENCE SOUTH 00°09'28'' EAST, A DISTANCE OF 30.50 FEET; THENCE NORTH 89°50'32'' EAST, A DISTANCE OF 81.00 FEET; THENCE SOUTH 00°09'42'' EAST, A DISTANCE OF 119.27 FEET; THENCE SOUTH 10°26'17'' EAST, A DISTANCE OF 197.64 FEET; THENCE SOUTH 03°46'51'' EAST, A DISTANCE OF 58.50 FEET; THENCE SOUTH 43°12'36'' WEST, A DISTANCE OF 81.98 FEET; THENCE SOUTH 27°31'07'' WEST, A DISTANCE OF 22.74 FEET TO THE CURVING NORTHERLY RIGHT-OF-WAY OF SAID LAKE MEAD BLVD., A RADIAL BEARING TO SAID POINT BEARS SOUTH 27°07'31'' WEST, SAID CURVE HAVING A RADIUS OF 1450.00 FEET; THENCE NORTHWESTERLY, ALONG SAID RIGHT-OF-WAY, A DISTANCE OF 145.25 FEET THROUGH A CENTRAL ANGLE OF 05°44'22'' TO A POINT OF TANGENCY; THENCE NORTH 57°08'07'' WEST, CONTINUING ALONG SAID RIGHT-OF-WAY, A DISTANCE OF 15.64 FEET TO THE POINT OF BEGINNING.

**PARCEL IV:**

THAT PORTION OF THE EAST HALF (E ½) OF THE NORTHEAST QUARTER (NE ¼) OF SECTION 19, TOWNSHIP 20 SOUTH, RANGE 61 EAST, M.D.M., CITY OF NORTH LAS VEGAS, CLARK COUNTY, NEVADA, BEING A PORTION OF

THE COMMERCIAL SUBDIVISION ON FILE IN BOOK 130 OF PLATS, AT PAGE 58 AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY SOUTHEAST CORNER OF SAID COMMERCIAL SUBDIVISION AS SHOWN IN PLAT BOOK 130, PAGE 58; SAID POINT BEING THE EAST LINE OF THE NORTHEAST QUARTER (NE1/4) OF THE NORTHEAST QUARTER (NE1/4) OF SAID SECTION 19; THENCE NORTH 89°40'41'' WEST, DEPARTING SAID EAST LINE, A DISTANCE OF 30.00 FEET, ALONG A RADIAL LINE, TO THE BEGINNING OF A CURVE CONCAVE NORTHWESTERLY, HAVING A RADIUS OF 25.00 FEET; THENCE SOUTHWESTERLY, A DISTANCE OF 43.50 FEET ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 99°42'10'' TO A POINT ON THE CURVING NORTHERLY RIGHT-OF-WAY OF LAKE MEAD BLVD., HAVING A RADIUS OF 1450.00, A RADIAL LINE TO SAID POINT BEARS NORTH 10°01'29'' EAST; THENCE NORTHWESTERLY, ALONG SAID CURVING NORTHERLY RIGHT-OF-WAY OF LAKE MEAD BLVD., A DISTANCE OF 318.99 FEET, THROUGH A CENTRAL ANGLE OF 12°36'17''; THENCE NORTH 08°01'48'' EAST, DEPARTING SAID NORTHERLY RIGHT-OF-WAY, A DISTANCE OF 161.15 FEET; THENCE SOUTH 75°37'02'' EAST, A DISTANCE OF 165.96 FEET TO THE BEGINNING OF A CURVE CONCAVE SOUTHWESTERLY, HAVING A RADIUS OF 140.25 FEET; THENCE SOUTHEASTERLY, A DISTANCE OF 39.96 FEET ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 16°19'33'', TO THE BEGINNING OF A REVERSE CURVE CONCAVE NORTHEASTERLY, HAVING A RADIUS OF 138.75 FEET, A RADIAL BEARING TO SAID BEGINNING BEARS SOUTH 30°42'31'' WEST; THENCE SOUTHEASTERLY, A DISTANCE OF 55.60 FEET ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 22°57'34''; THENCE NORTH 00°19'19'' EAST, 53.42 FEET; THENCE SOUTH 89°40'41'' EAST, 30.00 FEET; THENCE NORTH 00°19'19'' EAST 9.00 FEET; THENCE SOUTH 89°40'41'' EAST, 63.50 FEET TO THE EAST LINE OF THE NORTHEAST QUARTER (NE1/4) OF SAID SECTION 19, THENCE SOUTH 00°19'19''WEST, ALONG SAID EAST LINE, A DISTANCE OF 211.96 FEET TO THE POINT OF BEGINNING.

PARCEL V:

THAT PORTION OF THE EAST HALF (E ½) OF THE NORTHEAST QUARTER (NE ¼) OF SECTION 19, TOWNSHIP 20 SOUTH, RANGE 61 EAST, M.D.M., CITY OF NORTH LAS VEGAS, CLARK COUNTY, NEVADA, BEING A PORTION OF THE COMMERCIAL SUBDIVISION ON FILE IN BOOK 130 OF PLATS, AT PAGE 58 AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF SAID COMMERCIAL SUBDIVISION AS SHOWN IN PLAT BOOK 130, PAGE 58; SAID POINT BEING

ON THE NORTHERLY RIGHT-OF-WAY OF LAKE MEAD BLVD. AND BEING THE BEGINNING OF A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 1550.00 FEET. SAID POINT HAVING A RADIAL BEARING OF NORTH 32°43'56'' EAST; THENCE SOUTHEASTERLY ALONG SAID CURVE AND SAID RIGHT-OF-WAY, A DISTANCE OF 3.59 FEET THROUGH A CENTRAL ANGLE OF 00°07'57'' TO A POINT OF TANGENCY; THENCE SOUTH 57°08'07'' EAST, A DISTANCE OF 794.17 FEET TO THE MOST WESTERLY SOUTHWEST CORNER AND POINT OF BEGINNING OF SAID LOT 1-3;

THENCE NORTH 32°39'42'' EAST, DEPARTING SAID NORTHERLY RIGHT-OF-WAY, A DISTANCE OF 169.05 FEET; THENCE NORTH 00°09'28'' WEST, A DISTANCE OF 141.52 FEET; THENCE NORTH 89°50'32'' EAST, A DISTANCE OF 75.50 FEET; THENCE NORTH 00°09'28'' WEST, A DISTANCE OF 30.50 FEET; THENCE NORTH 89°50'32'' EAST, A DISTANCE OF 39.50 FEET; THENCE SOUTH 00°09'28'' EAST, A DISTANCE OF 284.08 FEET; THENCE SOUTH 31°52'24'' WEST, A DISTANCE OF 137.78 FEET TO THE NORTHERLY RIGHT-OF-WAY OF SAID LAKE MEAD BLVD.; THENCE NORTH 57°08'07'' WEST, ALONG SAID RIGHT-OF-WAY, A DISTANCE OF 159.32 FEET TO THE POINT OF BEGINNING.

**PARCEL VI:**

THAT PORTION OF THE EAST HALF (E ½) OF THE NORTHEAST QUARTER (NE ¼) OF SECTION 19, TOWNSHIP 20 SOUTH, RANGE 61 EAST, M.D.M., CITY OF NORTH LAS VEGAS, CLARK COUNTY, NEVADA, BEING A PORTION OF THE COMMERCIAL SUBDIVISION ON FILE IN BOOK 130 OF PLATS, AT PAGE 58 AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF SAID COMMERCIAL SUBDIVISION AS SHOWN IN PLAT BOOK 130, PAGE 58; SAID POINT BEING ON THE NORTHERLY RIGHT-OF-WAY OF LAKE MEAD BLVD. AND BEING THE BEGINNING OF A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 1550.00 FEET. SAID POINT HAVING A RADIAL BEARING OF NORTH 32°43'56'' EAST; THENCE SOUTHEASTERLY ALONG SAID CURVE AND SAID RIGHT-OF-WAY, A DISTANCE OF 3.59 FEET THROUGH A CENTRAL ANGLE OF 00°07'57'' TO A POINT OF TANGENCY; THENCE SOUTH 57°08'07'' EAST, A DISTANCE OF 631.47 FEET TO THE MOST WESTERLY SOUTHWEST CORNER AND POINT OF BEGINNING OF SAID LOT 1-4;

THENCE NORTH 32°51'53'' EAST, DEPARTING SAID NORTHERLY RIGHT-OF-WAY, A DISTANCE OF 73.48 FEET; THENCE NORTH 51°49'08'' EAST, A

DISTANCE OF 104.08 FEET; THENCE NORTH 00°09'28'' WEST, A DISTANCE OF 136.19 FEET; THENCE NORTH 89°50'32'' EAST, A DISTANCE OF 208.50 FEET; THENCE SOUTH 00°09'28'' EAST, A DISTANCE OF 36.50 FEET; THENCE SOUTH 89°50'32'' WEST, A DISTANCE OF 27.00 FEET; THENCE SOUTH 00°09'28'' EAST, A DISTANCE OF 30.50 FEET; THENCE SOUTH 89°50'32'' WEST, A DISTANCE OF 70.50 FEET; THENCE SOUTH 00°09'28'' EAST, A DISTANCE OF 141.52 FEET; THENCE SOUTH 32°39'42'' WEST, A DISTANCE OF 169.05 FEET TO THE NORTHERLY RIGHT-OF-WAY OF SAID LAKE MEAD BLVD.; THENCE NORTH 57°08'07'' WEST, ALONG SAID RIGHT-OF-WAY, A DISTANCE OF 162.70 FEET TO THE POINT OF BEGINNING.

**PARCEL VII:**

THAT PORTION OF THE EAST HALF (E ½) OF THE NORTHEAST QUARTER (NE ¼) OF SECTION 19, TOWNSHIP 20 SOUTH, RANGE 61 EAST, M.D.M., CITY OF NORTH LAS VEGAS, CLARK COUNTY, NEVADA, BEING A PORTION OF THE COMMERCIAL SUBDIVISION ON FILE IN BOOK 130 OF PLATS, AT PAGE 58 AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF SAID COMMERCIAL SUBDIVISION AS SHOWN IN PLAT BOOK 130, PAGE 58; SAID POINT BEING ON THE NORTHERLY RIGHT-OF-WAY OF LAKE MEAD BLVD. AND BEING THE BEGINNING OF A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 1550.00 FEET. SAID POINT HAVING A RADIAL BEARING OF NORTH 32°43'56'' EAST; THENCE SOUTHEASTERLY ALONG SAID CURVE AND SAID RIGHT-OF-WAY, A DISTANCE OF 3.59 FEET THROUGH A CENTRAL ANGLE OF 00°07'57'' TO A POINT OF TANGENCY; THENCE SOUTH 57°08'07'' EAST, A DISTANCE OF 953.49 FEET TO THE MOST WESTERLY SOUTHWEST CORNER AND POINT OF BEGINNING OF SAID LOT 1-2;

THENCE NORTH 31°51'24'' EAST, DEPARTING SAID NORTHERLY RIGHT-OF-WAY, A DISTANCE OF 137.78 FEET; THENCE NORTH 00°09'28'' WEST, A DISTANCE OF 284.08 FEET; THENCE NORTH 89°50'32'' EAST, A DISTANCE OF 12.50 FEET; THENCE SOUTH 00°09'28'' EAST, A DISTANCE OF 30.50 FEET; THENCE NORTH 89°50'32'' EAST, A DISTANCE OF 81.00 FEET; THENCE SOUTH 00°09'42'' EAST, A DISTANCE OF 119.27 FEET; THENCE SOUTH 10°26'17'' EAST, A DISTANCE OF 197.64 FEET; THENCE SOUTH 03°46'51'' EAST, A DISTANCE OF 58.50 FEET; THENCE SOUTH 43°12'36'' WEST, A DISTANCE OF 81.98 FEET; THENCE SOUTH 27°31'07'' WEST, A DISTANCE OF 22.74 FEET TO THE CURVING NORTHERLY RIGHT-OF-WAY OF SAID LAKE MEAD BLVD., A RADIAL BEARING TO SAID POINT BEARS SOUTH 27°07'31'' WEST, SAID CURVE HAVING A RADIUS OF 1450.00 FEET; THENCE

NORTHWESTERLY, ALONG SAID RIGHT-OF-WAY, A DISTANCE OF 145.25
FEET THROUGH A CENTRAL ANGLE OF 05°44'22" TO A POINT OF
TANGENCY; THENCE NORTH 57°08'07" WEST, CONTINUING ALONG SAID
RIGHT-OF-WAY, A DISTANCE OF 15.64 FEET TO THE POINT OF BEGINNING.

Together with any and all improvements, personal property and fixtures located thereon
or otherwise described in the Deed of Trust and in any other instruments in favor of the
Beneficiary, and all singular tenements, hereditaments and appurtenances thereunto
belonging or appertaining, rents, issues and profits thereof. All special declarant's rights
(if applicable) now held by Trustor and any and all other declarant's rights encumbered
by the Deed of Trust and now held by Trustor, if applicable.

**State of Nevada**
**Declaration of Value Form**

1. Assessor Parcel Number(s)
   a) 139-19-510-002, 139-19-510-005, 139-19-510-007, 139-19-613-001 through 004
   b) _____
   c) _____
   d) _____
      _____
      _____
      _____

2. Type of Property:

| | | | | |
|---|---|---|---|---|
| a. | ☐ Vacant Land | b. | ☐ Sgl. Fam. Residence | |
| | ☐ Condo/Twnhse | d. | ☐ 2-4 Plex | |
| e. | ☐ Apt. Bldg. | f. | ☒ Comm'l/Ind'l | |
| g. | ☐ Agricultural | h. | ☐ Mobile Home | |
| | ☐ Other | | | |

**FOR RECORDERS'S OPTIONAL USE ONLY**
Book:_____ Page _____
Date of Recording:_____
Notes:

3. a. Total Value/Sales Price of Property _____ $7,600,000.00
   b. Deed in Lieu of Foreclosure Only (value of property) _____
   c. Transfer Tax Value: _____ $7,600,000.00
   d. Real Property Transfer Tax Due _____ $38,760.00

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption, per NRS 375.090, Section: _____
   b. Explain Reason for Exemption: _____

5. Partial Interest: Percentage being transferred: ___100 %___

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature: _____ Capacity: ___Trustee Sale Officer___
Signature: _____Michele A. Dade_____ Capacity: ___Foreclosing Beneficiary___

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
|---|---|
| (REQUIRED) | (REQUIRED) |
| Print Name: Nevada Title Company | Print Name: Branch Banking and Trust Company |
| Address: 2500 N. Buffalo Drive, Suite 150 | Address: Attn: BB&T CREO Admin. 2000 Interstate Park, Suite 400 |
| City: Las Vegas, | City: Montgomery |
| State: NV    Zip: 89128 | State: AL    Zip: 36109 |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**

Print Name: Nevada Title Company          Esc. #: B1-07-0022-FCL
Address: 2500 N. Buffalo Drive, Suite 150
City: Las Vegas          State: NV          Zip: 89128

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)