1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13
14

BRANCH BANKING AND TRUST
COMPANY,

              Plaintiff,

v.

DAVID M. FRANK, et al.,

              Defendants.

2:11-CV-1366 JCM (CWH)

15

**ORDER**

16    Presently before the court is defendants David M. Frank, et. al.'s motion to certify question

17 to the Supreme Court of Nevada.  (Doc. #44).  Plaintiff Branch Banking and Trust Company filed

18 an opposition.  (Doc. #51).  Defendants then filed a reply.  (Doc. #54).

19    Defendants seek to certify the following question:

20    Under Nevada law, does NRS 40.459.1(c) as amended on June 11, 2011, limit the
      amount of indebtedness claimed by a purchaser of loan documents to the amount of
21    consideration paid for those loan documents when: (1) the purchaser did not
      originally fund the loan; (2) the purchaser acquired the loan documents and their
22    attendant rights; (3) the purchaser initiated foreclosure proceedings on the real
      property that secured the loan documents; and (4) the purchaser now seeks a
23    deficiency judgment against the guarantors of the loan documents pursuant to NRS
      40.451-40.463?

24

25 (Doc. #44).

26    When defendants filed the instant motion to certify question, plaintiff had begun foreclosure

27 proceedings on the subject property, but the property had not been sold at a trustee's sale.  (Docs.

28

**James C. Mahan**
**U.S. District Judge**

1   #44 and #51).   On March 23, 2012, plaintiff purchased the subject property at a non-judicial

2   foreclosure sale. (Doc. #65).  Therefore, plaintiff filed a first amended complaint on April 16, 2012.

3   (Doc. #65).  The first amended complaint includes the factual allegations surrounding the purchase

4   of the subject property and adds a cause of action for judgment pursuant to NRS 40.495.  (Doc. #65).

5        Pursuant to Nevada Rule of Appellate Procedure 5, the Nevada Supreme Court may answer

6   questions of law certified by a United States district court upon the certifying court's request:

7        if there are involved in any proceeding before those courts questions of law of this
     state which may be determinative of the cause then pending in the certifying court
8        and as to which it appears to the certifying court there is no controlling precedent in
     the decisions of the supreme court of this state.
9

10   Nev. R. App. P. 5(a).  Where the question does not impact the merits of a claim pending before the

11   certifying court, the question should not be certified to the Supreme Court.  *See* Nev. R. App. P. 5(a)

12   (requiring that certified question be "determinative"); *see also Volvo Cars of N. Am., Inc. v. Ricci*,

13   122 Nev. 746, 751 (2006) (declining to answer certified questions where "answers to the questions

14   posed [] would not 'be determinative' of any part of the case").

15        Certification is not mandatory where state law is unclear on a particular issue.  *Lehman Bros.*

16   *v. Schein*, 416 U.S. 386, 390-91 (1974).  When a federal court confronts an issue of state law which

17   the state's highest court has not addressed, the federal court typically should predict how the state's

18   highest court would decide the issue.  *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306

19   F.3d 806, 812 (9th Cir. 2002).  Where the statutory language is sufficiently clear, it is not necessary

20   for the court to certify a question.  *See Kehoe v. Aurora Loan Services, LLC*, 2010 WL 4286331, at

21   *11 (D. Nev. 2010).  However, certification may be appropriate in some circumstances, and may

22   "save time, energy, and resources and help [] build a cooperative judicial federalism."  *Lehman*

23   *Bros.*, 416 U.S. at 391.  Whether to certify a question to the state's highest court lies within the

24   federal court's discretion.  *Id.*

25        The court is not inclined to grant plaintiff's request for certification.  Here, movants assert

26   that the "plain language of NRS 40.459.1(c) is clear . . . ."  (Doc. #44).  Further, defendants argue

27   that the "legislative history confirms the clear intent of NRS 40.459.1(c)."  (Doc. #44).  Thus,

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

defendants are not arguing that the law is unclear, but rather, they are arguing that there is no controlling precedent.  Therefore, the statutory language is sufficiently clear, and it is not necessary for the court to certify this question.  *See Kehoe*, 2010 WL 4286331, at *11.  Further, in the absence of controlling case law from the Nevada Supreme Court, this court "must make a reasonable determination of the result the [Nevada Supreme Court] would reach if it were deciding the case." *Med. Lab. Mgmt. Consultants*, 306 F.3d at 812 (internal quotations omitted).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants David M. Frank, et. al.'s motion to certify question to the Supreme Court of Nevada (doc. #44) be, and the same hereby is, DENIED.

DATED April 30, 2012.

_____
**UNITED STATES DISTRICT JUDGE**