1
2
3
4
5                  **UNITED STATES DISTRICT COURT**
6                       **DISTRICT OF NEVADA**
7
8    BRANCH BANKING AND TRUST              2:11-CV-1366 JCM (CWH)
     COMPANY,
9
10              Plaintiff,
11   v.
12   DAVID M. FRANK, et al.,
13              Defendants.
14
15                        **ORDER**
16        Presently before the court is plaintiff Branch Banking and Trust Company's ex parte motion
17   for issuance of writs of attachment and garnishment (Doc. #22). Defendants David M. Frank, et. al.
18   have filed a response. (Doc. #45). Plaintiff then filed a reply. (Doc. #46). Shortly after plaintiff's
19   reply was filed, plaintiff sold the real property held as collateral for the loan agreement at a trustee's
20   sale. (Doc. #59). The court then ordered supplemental briefing on this motion to address the changed
21   factual background. (Doc. #70). Accordingly, plaintiff filed a supplement (doc. #72), to which
22   defendants responded. (Doc. #77).
23        Plaintiff has brought an action for breach of guaranty against the guarantors of a loan made
24   by plaintiff's predecessor-in-interest, Colonial Bank, pursuant to an agreement executed on April 19,
25   2005, by and between Station Plaza Partners, LLC, as borrower, and Colonial Bank. (Doc. #72). On
26   August 14, 2009, plaintiff assumed from the Federal Deposit Insurance Corporation the loan that
27   defendants guaranteed. *Id.* Thereafter, after Station Plaza defaulted, plaintiff declared an event of
28

**James C. Mahan**
**U.S. District Judge**

1   default and declared the entire balance of the loan to be immediately due and payable. *Id.* Plaintiff

2   alleges that, despite demand having been made, Station Plaza and defendants failed and refused to

3   pay the amounts due and owing, leading plaintiff to bring this action for breach of guaranty. *Id.*

4         Plaintiff now seeks the attachment of defendant David M. Frank 2004 Revocable Inter Vivos

5   Trust Dated December 31, 2004's 25% membership interest in the Nevada business entity, Wall

6   Street Nevada, LLC. *Id.*

7         Pursuant to NRS 30.013:

8       "[t]he court may after notice and hearing, order the clerk to issue a writ of attachment in the

9       following cases:

10      1. In an action upon a judgment or upon a contract, express or implied, for the direct payment of money:
        . . .

11      (b) If [the] lien or security [upon which the contract is secured] has, without any act of the
        plaintiff or the person to whom the security was given, become valueless or insufficient in

12      value to secure the sum due the plaintiff, in which case the attachment shall issue only for
        the unsecured portion of the amount due the plaintiff, which is equal to the excess of the

13      amount due the plaintiff above the value of the security."

14
15  NRS 31.013. It is required that "all applications for an order directing the clerk to issue a writ of

16  attachment . . . be accompanied by an affidavit . . . [which] shall: (a) Set forth clearly the nature of

17  the plaintiff's claim for relief and that the same is valid." NRS 31.020(1)(a).

18        In the context of a creditor pursuing a guarantor of a loan where the creditor has "acquired

19  the right to obtain judgment from a person who previously held that right," the amount of money

20  judgment is limited to "the amount by which the amount of the consideration paid for that right

21  exceeds the fair market value of the property sold at the time of sale or the amount for which the

22  property was actually sold, whichever is greater, with interest from the date of sale and reasonable

23  costs[.]" NRS 40.459(1)(c).

24        Here, plaintiff has provided evidence that the subject property was sold for a credit bid of

25  $7,600,000.00 and that the fair market value of that property as of August 24, 2011 (the date the

26  complaint was filed) was $11,200,000.00. (Doc. #72, exhibits A, 1 and 2). However, plaintiff has

27  not offered any evidence of the amount plaintiff paid in consideration for the subject loan, nor has

28  plaintiff offered evidence of the fair market value of the subject property at the time that it was sold.

James C. Mahan
U.S. District Judge

- 2 -

1    Pursuant to NRS 40.459(1)(c), plaintiff is required to establish the difference between the

2  amount plaintiff paid in consideration for the subject loan and the fair market value of the subject

3  property at the time it was sold. Without this underlying information, it is impossible for the court

4  to reach a determination as to the value of the deficiency amount defendants may be liable for, if

5  indeed there is such an amount. As the value of the deficiency amount could be zero, the court is

6  unable to determine whether plaintiff may have a valid claim and a writ of attachment cannot be

7  issued. See Sanad v. Bernini, 2007 WL 2891436, *2 (D. Nev. Sept. 28, 2007) (denying plaintiffs'

8  motion for the issuance of a writ of attachment because plaintiffs had failed to reasonably

9  demonstrate that their claims were valid). Therefore, plaintiff's request must be denied.

10    Accordingly,

11    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Branch Banking

12  and Trust Company's ex parte motion for issuance of writs of attachment and garnishment (doc. #22)

13  be, and the same hereby is, DENIED.

14    DATED June 27, 2012.

15

16    _____

17    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge

- 3 -