UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANCH BANKING AND TRUST COMPANY,

Plaintiff,

v.

DAVID M. FRANK, et al.,

Defendants.

2:11-CV-1366 JCM (CWH)

### ORDER

Presently before the court is plaintiff Branch Banking and Trust Company's motion to deem allegations in the complaint admitted. (Doc. #71). Defendants AGA, LLC; Fiesta Station Real Estate Holdings, LLC; David M Frank; Kaveh Kevin Golshan; Merrill Companies, LLC; Moussa Golshan; and Geraldine Weber have filed an opposition (doc. #76) to which plaintiff has responded. (Doc. #78).

Defendants have also filed a motion to amend their answer. (Doc. #79). Plaintiff has filed an opposition (doc. #81) to which defendants have responded. (Doc. #80).

**I.    Factual Background**

Plaintiff has brought an action for breach of guaranty against the guarantors of a loan made by plaintiff's predecessor-in-interest, Colonial Bank, pursuant to an agreement executed on April 19, 2005, by and between Station Plaza Partners, LLC, as borrower, and Colonial Bank. (Doc. #72). On August 14, 2009, plaintiff assumed from the Federal Deposit Insurance Corporation the loan that

James C. Mahan
U.S. District Judge

defendants guaranteed. *Id.* Thereafter, after Station Plaza defaulted, plaintiff declared an event of default and declared the entire balance of the loan to be immediately due and payable. *Id.* Plaintiff alleges that, despite demand having been made, Station Plaza and defendants failed and refused to pay the amounts due and owing, leading plaintiff to bring this action for breach of guaranty. *Id.*

Plaintiff's amended complaint makes various allegations regarding the facts and resulting contractual obligations that have led plaintiff to bring this suit. (Doc. #65). In their answer, defendants argue that many of plaintiff's allegations call for legal conclusions that are inappropriate for factual admission or denial. (Doc. #68). Plaintiff expressed dissatisfaction with defendants' answer. (Doc. #76, Ex. 1). In response, defendants have moved to amend their answer. (Doc. #79). A copy of the proposed amended answer is attached as doc. #76, Ex. 3.

**II.     Discussion**

Federal Rule of Civil Procedure 8(b) requires that a party responding to a pleading admit or deny the allegations asserted against it by the opposing party." "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8 (b)(2). "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8 (b)(5). "An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8 (b)(6)

It is an extreme sanction to deem allegations in a complaint admitted if it is possible to grant a defendant leave to amend its answer without causing unfair prejudice or delay. *See Farrell v. Pike*, 342 F.Supp.2d 433, 441 (M.D.N.C. 2004) (deeming allegations admitted requires an egregious violation of Rule 8).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

**James C. Mahan**
**U.S. District Judge**

1  amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the
2  amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely
3  given.'" *Id.* at 182.

4  Defendants' filed answer denies the allegations in 61 paragraphs of plaintiff's complaint
5  because those allegations "call for legal conclusions that are inappropriate for admission or denial."
6  (Doc. #68). In *American Family Mutual Insurance Company v. Beasley*, this court held that "refusing
7  to answer an allegation because it calls for legal conclusions is improper." 2012 WL 395707, *3 (D.
8  Nev. Feb. 6, 2012). In *American Family*, the defendant's answer denied the allegations contained
9  in 38 paragraphs of the plaintiff's complaint, for the reason that the allegations called for legal
10 conclusions. *Id.* The court struck the defendant's responses but gave the defendant fourteen days to
11 file an amended answer. *Id.* Following *American Family*, it is appropriate to strike defendants'
12 responses and grant defendants' an opportunity to amend their answer.

13 Here, defendants have already moved to amend their answer. (Doc. #79). However, the
14 proposed amended answer fails to cure the defects present in defendants' previously filed answer as
15 it seeks to avoid admitting or denying allegations that call for legal conclusions. (Doc. #76, Ex. 3).
16 Accordingly, defendants' motion to amend is denied, without prejudice, and defendants are granted
17 fourteen days to file an amended answer.

18 Accordingly,

19 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to deem
20 allegations in the complaint admitted (doc. #71) be, and the same hereby is, DENIED.

21 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants' motion to
22 amend their answer (doc. #79) be, and the same hereby is, DENIED.

23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants shall file an amended answer by August 7th, 2012. Failure to do so will result in the allegations being construed as ADMISSIONS.

DATED August 6, 2012.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -