SYLVESTER & POLEDNAK, LTD.
ALLYSON R. NOTO, ESQ.
Nevada Bar No. 8286
*allyson@sylvesterpolednak.com*
MATTHEW T. KNEELAND, ESQ.
Nevada Bar No. 11829
*matthew@sylvesterpolednak.com*
1731 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 952-5200
Facsimile: (702) 952-5205
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, successor-in-interest to COLONIAL BANK by acquisition of assets from the FDIC as Receiver for Colonial Bank, a North Carolina banking corporation organized and in good standing under the laws of the State of North Carolina,<br><br>Plaintiff,<br><br>v.<br><br>DAVID M. FRANK, individually and as trustee of THE DAVID M. FRANK 2004 REVOCABLE INTER VIVOS TRUST dated December 31, 2004; KAVEH KEVIN GOLSHAN, individually; MOUSSA GOLSHAN, as Trustee of the AGA IRREVOCABLE TRUST dated December 7, 1995; THE MERRILL COMPANIES, LLC, a California Limited Liability Company; FIESTA STATION REAL ESTATE HOLDINGS, LLC, a Nevada Limited Liability Company; AGA, LLC, a California Limited Liability Company; GERALDINE WEBER, an individual; and DOE Individuals I through X; and ROE Corporations and Organizations I through V, inclusive,<br><br>Defendants. | Case No.   2:11-CV-1366 JCM-CWH<br><br>**ORDER RE: MOTION FOR PROTECTIVE ORDER** |

On August 7, 2012 at 9:30 a.m., the Court conducted a hearing on Plaintiff's Motion for Protective Order (the "Motion") regarding Defendants' June 20, 2012 "Notice of Taking Deposition of the FRCP 30(b)(6) Designee for Plaintiff, Branch Banking and Trust Company, Successor-In-Interest to Colonial Bank" (the "30(b)(6) Notice"). Allyson R. Noto, Esq. and Matthew T. Kneeland, Esq. of the law firm of Sylvester & Polednak, Ltd. appeared on behalf of Plaintiff, and Candice E. Renka, Esq. of the law offices of Marquis, Aurbach, Coffing, appeared on behalf of Defendants. The Court having considered the papers and pleadings on file herein, and being fully advised in the premises, and good cause appearing, **HEREBY ORDERS** as follows:

1. **Plaintiff's Motion is GRANTED IN PART as to:**

   a. ***Topic No. 1*** ("Any and all relationships between Plaintiff, Colonial Bank, and FDIC"): This topic is overly broad in that it seeks information unrelated to the transactions at issue in this case, and the term "relationships" is vague. Defendants may, however, inquire of the witness(es) regarding the relationship between BB&T and the FDIC as it relates to the Loan (as defined in Exhibit A to Defendants' Notice).

   b. ***Topic No. 3*** ("Any and all Agreements between Plaintiff, Colonial Bank, and FDIC"): This topic is overly broad in that it seeks information unrelated to the transactions at issue in this case. Defendants may, however, inquire of the witness(es) regarding this Topic as related to the Loan.

   c. ***Topic No. 4*** ("Any and all Assignments between Plaintiff, Colonial Bank, and FDIC"): This topic is overly broad in that it seeks information unrelated to the transactions at issue in this case. Defendants may, however, inquire of the witness(es) regarding this Topic as related to the Loan.

   d. ***Topic No. 8*** ("Any and all exchange of Monies between Plaintiff and FDIC"): This topic is overly broad in that it seeks information unrelated to the transactions at issue in this case. Defendants may, however, inquire of the witness(es) regarding this Topic as related to the Loan.

   e. ***Topic No. 16*** ("All assets Acquired by [Plaintiff] from Colonial Bank, including

but not limited to, loans, contracts, and real and personal property"): This topic is overly broad overbroad in that it seeks information beyond the transactions at issue in this case, and therefore seeks more than just information reasonably calculated to lead to the discovery of admissible evidence. Defendants may, however, inquire of the witness(es) regarding this Topic as related to the Loan.

2. **Plaintiff's Motion is GRANTED as to:**

   a. *Topic No. 9* ("Plaintiff's intended use of the Property, including but not limited to the sale of the Property and the marketing of the Property"): As Plaintiff foreclosed upon and now owns the Subject Property, this topic requests information that is irrelevant and not likely to lead to the discovery of admissible evidence. Accordingly, Defendants may not inquire of the witness(es) regarding this topic.

   b. *Topic No. 10* ("Plaintiff's liquidation of all assets located in Nevada."): This topic is overly broad in that it seeks information unrelated to the transactions at issue in this case, and does not appear reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Defendants may not inquire of the witness(es) regarding this topic.

3. **Plaintiff's Motion is DENIED as to:**

   a. *Topic No. 2* ("Plaintiff's Acquisition of the Loan, including but not limited to, all Agreements, negotiations, Payments, Obligations and/or duties of each party to the Acquisition, Rights of each party to the Acquisition, and Consideration for the Acquisition"): This topic appears targeted at testimony regarding the transactions at issue in this case, and therefore seeks information reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Defendants may inquire of the witness(es) regarding this Topic.

   b. *Topic No. 15* ("The Loss Sharing Agreement between [Plaintiff] and the FDIC, pertaining to Colonial Bank."): This topic appears targeted at testimony regarding the transactions at issue in this case, and therefore seeks information reasonably calculated to lead to the discovery of admissible evidence. Defendants may

inquire of the witness(es) regarding this Topic.

    c.    *Topic No. 17* ("Any and all Agreements related to any and all payments of Monies on the Loan, related to or connected with the Borrower, Guarantors, or Property"): Upon clarification from Defendants' Counsel, this topic appears targeted at testimony regarding the transactions at issue in this case, and therefore seeks information reasonably calculated to lead to the discovery of admissible evidence. Defendants may inquire of the witness(es) regarding this Topic.

IT IS SO ORDERED.

Dated this  22   day of August, 2012.

_____
UNITED STATES DISTRICT COURT JUDGE

Prepared and Respectfully Submitted By:

**SYLVESTER & POLEDNAK, LTD.**

/s/ Allyson R. Noto
Allyson R. Noto, Esq.
Matthew T. Kneeland, Esq.
1731 Village Center Circle
Las Vegas, Nevada 89134
*Attorneys for Plaintiff*

Approved as to Form and Content By:

**MARQUIS, AURBACH, COFFING**

/s/ Candice E. Renka
Frank M. Flansburg, III, Esq.
Candice E. Renka, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145
*Attorneys for Defendants*

4