UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANCH BANKING AND TRUST COMPANY,

    Plaintiff,

v.

DAVID M. FRANK, et al.,

    Defendants.

2:11-CV-1366 JCM (CWH)

### ORDER

Presently before the court is plaintiff Branch Banking and Trust Company's motion for relief pursuant to FRCP 60(b). (Doc. # 87). Defendants David M. Frank, *et al.* filed a response (doc. # 91) and plaintiff filed a reply (doc. # 96).

**I.    Background**

In April 2005, Colonial Bank executed a loan to Station Plaza Partners, LLC. To secure repayment, a deed of trust was executed on real property located near the intersection of Lake Mead Boulevard and Rancho Drive in North Las Vegas, Nevada. Defendants David M. Frank *et al.* executed guaranties on the loan. Sometime thereafter, the Federal Deposit Insurance Corporation (FDIC) was appointed as receiver for Colonial Bank. In August 2009, plaintiff, Branch Banking and Trust Company assumed from the FDIC the loan that defendants guaranteed.

Thereafter, after Station Plaza defaulted, plaintiff declared the entire balance of the loan to be immediately due and payable. Plaintiff alleged that, despite demand having been made, Station

**James C. Mahan**
**U.S. District Judge**

1  Plaza and defendants failed and refused to pay the amounts due and owing. On August 24, 2011,
2  plaintiff filed suit against defendants for breach of guaranty, breach of the covenant of good faith and
3  fair dealing, and unjust enrichment. On March 23, 2012, there was a trustee's sale of the subject
4  property.

5      Plaintiff filed an ex parte motion for issuance of writs of attachment and garnishment. On
6  June 27, 2012, the court denied plaintiff's motion on the basis that plaintiff failed to offer any
7  evidence regarding the amount of consideration paid for the right to obtain the judgment or evidence
8  of the fair market of the subject property at the time it was sold pursuant to NRS 40.459.1(c).

9      Plaintiff filed the instant motion seeking relief from this court's order arguing that the order
10 constitutes an error of law. (Doc. # 87). This error of law is premised on the argument that NRS
11 40.459.1(c) is inapplicable in actions against guarantors and that the proper statute to establish a
12 deficiency judgment against a guarantor is NRS 40.495. Plaintiff argues that NRS 40.495 does not
13 limit the amount of money judgment by the amount of consideration paid for the right to obtain that
14 judgment.

15 **II.    Legal standard**

16     Motions for reconsideration "should not be granted, absent highly unusual circumstances."
17 *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). These circumstances are
18 present where "the district court is presented with newly discovered evidence, committed clear error,
19 or if there is an intervening change in the controlling law." *Id.* "Reconsideration is appropriate if the
20 district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial
21 decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School*
22 *Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* FED. R. CIV. P. 60(b).

23     Under Rule 60(b), a court may grant reconsideration on the grounds of, *inter alia,* "mistake,
24 inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). The "mistake" component of
25 Rule 60(b)(1) allows a court to correct its own error of law. *See Kingsvision Pay–Per–View v. Lake*
26 *Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) (citing *Liberty Mut. Ins. Co. v. Equal Employment*
27 *Opportunity Comm.,* 691 F.2d 438, 441 (9th Cir. 1982)).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

For the purposes of clarity, the court provides the relevant portions of the statutes at issue.

NRS 40.495.3 and 4 state:

> 3. If the obligee maintains an action to foreclose or otherwise enforce a mortgage or lien and the indebtedness or obligations secured thereby, the guarantor, surety or other obligor may assert any legal or equitable defenses provided pursuant to the provisions of NRS 40.451 to 40.4639, inclusive.
>
> 4. If, before a foreclosure sale of real property, the obligee commences an action against a guarantor, surety or other obligor, other than the mortgagor or grantor of a deed of trust, to enforce an obligation to pay, satisfy or purchase all or part of an indebtedness or obligation secured by a mortgage or lien upon the real property:
>
>> (a) The court must hold a hearing and take evidence presented by either party concerning the fair market value of the property as of the date of the commencement of the action. Notice of such hearing must be served upon all defendants who have appeared in the action and against whom a judgment is sought, or upon their attorneys of record, at least 15 days before the date set for the hearing.
>>
>> (b) After the hearing, if the court awards a money judgment against the guarantor, surety or other obligor who is personally liable for the debt, the court must not render judgment for more than:
>>
>>> (1) The amount by which the amount of the indebtedness exceeds the fair market value of the property as of the date of the commencement of the action; or
>>> (2) If a foreclosure sale is concluded before a judgment is entered, the amount that is the difference between the amount for which the property was actually sold and the amount of the indebtedness which was secured,
>>
>> whichever is the lesser amount.

NRS 40.495.3 and 4. NRS 40.459.1(c) state that:

> 1. After the hearing, the court shall award a money judgment against the debtor, guarantor or surety who is personally liable for the debt. The court shall not render judgment for more than:
>
>> (c) If the person seeking the judgment acquired the right to obtain the judgment from a person who previously held that right, the amount by which the amount of the consideration paid for that right exceeds the fair market value of the property sold at the time of sale or the amount for which the property was actually sold, whichever is greater, with interest from the date of sale and reasonable costs,
>
> whichever is the lesser amount.

NRS 40.459.1(c).

James C. Mahan
U.S. District Judge

- 3 -

1     Plaintiff argues that NRS 40.495 governs deficiency judgments against guarantors and that
2  the court erred when it applied NRS 40.459 instead of NRS 40.495. Plaintiff argues that NRS
3  40.495.4 applies "where an action is commenced against a guarantor prior to the date that the lender
4  realizes upon its real property collateral . . . ." (Doc. # 87, 6:9-10). Plaintiff goes on to state that
5  under this provision, the judgment is "reduced by the fair market value of the property as of the date
6  of the commencement of the action." (Doc. # 87, 6:11-12). On this basis, plaintiff would not need
7  to provide evidence of the amount of consideration paid for the right to obtain the judgment or
8  evidence of the fair market of the subject property at the time it was sold.

9     Defendants argue that the court did not err in its application of NRS 40.459. First, defendants
10 argue that NRS 40.495.3 and NRS 40.495.4 are not mutually exclusive provisions.
11 Second, defendants argue that the equitable defenses listed in NRS 40.495.3 also apply to factual
12 situations that arise under NRS 40.495.4. Provided that NRS 40.459 is specifically afforded as an
13 equitable defense under NRS 40.495, defendants argue that the court did not err in applying NRS
14 40.459.1(c).

15    The court agrees with defendants. The equitable defenses listed in NRS 40.495.3 are not
16 abrogated by the application of NRS 40.495.4. That is, even if it is proper to apply NRS 40.495.4,
17 as plaintiff contends, the equitable defense in provision NRS 40.459.1(c) still applies. Further, NRS
18 40.495.4 and NRS 40.459.1(c) both became effective on June 10, 2011, and plaintiff brought the
19 instant suit on August 24, 2011. Thus, both of these provisions prospectively apply to this case.
20 Therefore, the court finds that it did not err its in application of law as NRS 40.459.1(c) is a valid
21 equitable defense under NRS 40.495. Furthermore, the court finds that it did not retroactively apply
22 the requirement that plaintiff provide evidence of the amount of consideration paid for the right to
23 obtain the judgment as required by NRS 40.459.1(c).

24 **IV.   Conclusion**

25    Because the court finds that it did not err in its application of law,

26 . . .

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Branch Banking and Trust Company's motion for relief pursuant to FRCP 60(b) (doc. # 87) be, and the same hereby is, DENIED.

    DATED October 25, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -