UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANCH BANKING AND TRUST COMPANY,

        Plaintiff,

vs.

DAVID M. FRANK, *et al.*,

        Defendants.

Case No. 2:11-cv-01366-JCM-CWH

**ORDER**

    This matter is before the Court on Defendants' Motion for Stay Pending Rehearing or Writ Petition (#139), filed on October 28, 2013. The Court also considered Plaintiff's Response (#145), filed on November 12, 2013, Plaintiff's Errata (#146), filed on November 12, 2013, and Defendants' Reply (#148), filed on November 22, 2013.

**DISCUSSION**

    A court has broad discretionary power to control its docket, which extends to the issuance of a stay. *See e.g.*, *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* In exercising its discretion, the court must consider factors like, "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. Moreover, a court should not grant a stay absent a showing of hardship if "there is even a fair possibility that the stay . . . will work damage to someone else." *Dependable Highway Express, Inc. v. Navigators Insurance Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Therefore, the court must balance the competing interests affected by a stay such as, the "hardship or inequity which a party may suffer in

1 being required to go forward." *Lockyer v. State of California*, 398 F.3d 1098, 1110 (9th Cir. 2005).

2     Defendants assert four arguments in favor of staying this action. First, they contend that
3 their pending motion for reconsideration addresses material issues. Second, Defendants assert that
4 no harm would result from a stay. Third, Defendants claim they would be subject to hardship if a
5 stay was denied. Fourth, Defendants allege that efficiency and justice would be served by a stay.
6 In response, Plaintiff contends the only remaining issue to be determined in this action is the fair
7 market value of the property following a hearing. Plaintiff also highlights the high standard for
8 seeking a mandamus petition and argues that Defendants have not demonstrated a strong likelihood
9 of success on the merits of either their motion for reconsideration or obtaining a writ.

10     Here, the Court finds that a stay is not warranted. Defendants generally contend that a stay
11 is warranted to prevent duplicative proceedings and conserve resources. First, Defendants argue
12 that a stay is warranted because the Court's order granting summary judgment for Plaintiff could be
13 reversed. Specifically, Defendants claim there is a pending Motion for Reconsideration (#138) and
14 they may seek a writ of petition with the Ninth Circuit. It is true that if the Court grants
15 Defendant's Motion for Reconsideration (#138) and reverses summary judgment for Plaintiff, then
16 the case will proceed to trial. However, the Court finds the possibility that reconsideration may be
17 granted or the Ninth Circuit may issue a writ to be too speculative to warrant a stay of this action.

18     Second, Defendants contend that a stay is warranted to promote efficiency and justice.
19 Specifically, Defendants allege that the Court could limit the stay to a reasonable time period of 60
20 days after issuing its order on the motion for reconsideration to allow Defendants to seek writ
21 relief. The Court finds that the possibility that Defendants may appeal to be too remote to warrant
22 a stay at this time. In addition, Defendants failed to make a sufficient argument to demonstrate that
23 they would succeed in getting a reversal of the order on summary judgment.

24     Third, Defendants claim that no harm would result to Plaintiff and they would be subject to
25 a hardship if the stay is denied. Defendants assert that the delay of time in obtaining a potential
26 money judgment is not a significant harm to Plaintiff. Further, Defendants could conserve
27 resources in terms of time, attorney fees, and costs regarding the fair market value briefing and
28 hearing. The Court notes that the fair market value briefing is complete and the Court has yet to set

a hearing so this is not a persuasive justification to impose a stay.  Moreover, the Court has carefully weighed the competing interests affected by the request for a stay.  The Court finds that a stay would damage Plaintiff by resulting in undue delay and is not outweighed by the resources that Defendants would expend to defend a fair market value hearing.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion for Stay Pending Rehearing or Writ Petition (#139) is **denied**.

DATED this 25th day of November, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**