SYLVESTER & POLEDNAK, LTD.
JEFFREY R. SYLVESTER, ESQ.
Nevada Bar No. 4396
*jeff@sylvesterpolednak.com*
ALLYSON R. NOTO, ESQ.
Nevada Bar No. 8286
*allyson@sylvesterpolednak.com*
1731 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 952-5200
Facsimile: (702) 952-5205
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, successor-in-interest to COLONIAL BANK by acquisition of assets from the FDIC as Receiver for Colonial Bank, a North Carolina banking corporation organized and in good standing under the laws of the State of North Carolina,<br><br>Plaintiff,<br><br>v.<br><br>DAVID M. FRANK, individually and as trustee of THE DAVID M. FRANK 2004 REVOCABLE INTER VIVOS TRUST dated December 31, 2004; KAVEH KEVIN GOLSHAN, individually; MOUSSA GOLSHAN, as Trustee of the AGA IRREVOCABLE TRUST dated December 7, 1995; THE MERRILL COMPANIES, LLC, a California Limited Liability Company; FIESTA STATION REAL ESTATE HOLDINGS, LLC, a Nevada Limited Liability Company; AGA, LLC, a California Limited Liability Company; GERALDINE WEBER, an individual; and DOE Individuals I through X; and ROE Corporations and Organizations I through V, inclusive,<br><br>Defendants. | Case No.   2:11-CV-1366 JCM-CWH<br><br><br>**ORDER RE: FAIR MARKET VALUE**<br><br>Date of Hearing:   January 24, 2014<br>Time of Hearing:   10:00 a.m. |

## ORDER RE: FAIR MARKET VALUE

This matter, having come on for hearing pursuant to NRS 40.457 for the purposes of determining the fair market value of the real property as of (1) the commencement date of the action as required pursuant to NRS 40.495(4)(a); and (2) the date of the foreclosure sale as required pursuant to NRS 40.459, Jeffrey R. Sylvester, Esq. and Allyson R. Noto, Esq., of the law firm of Sylvester & Polednak, Ltd., appearing on behalf of Plaintiff, Branch Banking and Trust Company, successor-in-interest to Colonial Bank by acquisition of assets from the Federal Deposit Insurance Company as Receiver for Colonial Bank ("BB&T") and Frank M. Flansburg III, Esq., of the law firm of Marquis Aurbach Coffing, Ltd., and Christopher S. Reeder, Esq., of the law firm Robin, Kaplan, Miller & Ciresi, LLP, appearing on behalf of the Defendants, David M. Frank, individually and as trustee of the David M. Frank 2004 Revocable Inter Vivos Trust dated December 31, 2004; Kaveh Kevin Golshan, individually; Moussa Golshan, as Trustee of the AGA Irrevocable Trust dated December 7, 1995; the Merrill Companies, LLC, a California Limited Liability Company; Fiesta Station Real Estate Holdings, LLC, a Nevada Limited Liability Company; AGA, LLC a California Limited Liability Company and Geraldine Weber, and individual (collectively the "Defendants"); the Court having considered the Defendants' Opening Brief Regarding Fair Market Value [Doc. #140] and Defendants's Response Brief Regarding Fair Market Value [Doc. #144], and Plaintiff's Opening Brief Concerning Fair Market Value [Doc. #141] and Plaintiff's Response Brief Concerning Fair Market Value [Doc. #142] and having considered the argument of counsel the Court hereby enters the following Findings of Facts and Conclusions of Law:

**Calculation of Deficiency Pursuant to NRS 40.459(1)(c)**

    1.    **The Value of the Real Property as of the Foreclosure Sale**

        a.    As more fully set forth in this Court's Order granting BB&T's motion for summary judgment [Doc. #134] and this Court's Order denying the Defendants motion for relief from that Order [Doc. #150], this Court's findings and conclusions relating to the evidence of fair market value of the real property being expressly incorporated herein by this reference, BB&T has established by substantial evidence that the fair market value of the real property as of the foreclosure sale was Nine Million Five Hundred Thousand Dollars ($9,500,000.00);

    b. BB&T's thorough process for calculating its credit bid entailed a comprehensive assessment of the value of the property that it seeks to bid upon. In this case, BB&T obtained two independent appraisals of the property that led to a reconciled determination that the fair market value of the real property was $9,500,000.00.

    c. As BB&T demonstrated a credible basis for its valuation of the real property, it has provided evidence which a reasonable mind might accept as adequate to determine the fair market value of the real property.

    d. The Defendants failed to provide or offer any evidence of the fair market value of the real property as of the foreclosure sale.

    e. The Defendants further failed to rebut the substantial evidence provided by BB&T regarding the fair market value real property as of the foreclosure sale.

    f. Accordingly, the Court finds that the fair market value as of the foreclosure sale was Nine Million Five Hundred Thousand Dollars ($9,500,000.00) (the "Sale Date FMV").

  2. **The Consideration Paid for the Right to Enforce the Judgment**

    a. As more fully set forth in this Court's Order granting BB&T's motion for summary judgment [Doc. # 134] and this Court's Order denying the Defendants motion for relief from that Order [Doc. #150], this Court's findings and conclusions relating to the evidence of the consideration paid by BB&T for the right to obtain the judgment being expressly incorporated herein by this reference, BB&T has established by substantial evidence that it paid the sum of Nineteen Million Three Hundred Seventy Five Thousand Four Hundred Forty Eight Dollars and 43/100 ($19,375,448.43) for the right to obtain the judgment;

    b. Accordingly, and for the purpose of applying NRS 40.459, the Court finds that the consideration paid by BB&T for the right to obtain the judgment was Nineteen Million Three Hundred Seventy Five Thousand Four Hundred Forty Eight Dollars and 43/100 ($19,375,448.43) (the "Consideration Paid").

///

   c. The difference between the Consideration Paid by BB&T for the right to obtain the judgment and the Sale Date FMV is Nine Million Eight Hundred Seventy Five Thousand Four Hundred and Forty Eight Dollars ($9,875,448.00).[1]

**Calculation of Deficiency Pursuant to NRS 40.495(4)(b)(1)**

 1. **The Value of the Real Property as of the Commencement Date of the Action.**

   a. As established by the Retrospective Self-Contained Appraisal Report prepared by BB&T's expert Keith Harper, MAI of Valuation Consultants, the fair market value of the Real Property as of August 24, 2011 (the commencement date of the action) was Eleven Million Two Hundred Thousand Dollars ($11,200,000.00).

   b. The Defendants failed to provide or offer any evidence of the fair market value of the real property as of the commencement date of the action.

   c. The Defendants further failed to rebut the substantial evidence provided by BB&T regarding the fair market value real property as of the commencement date of the action.

   d. Accordingly, this Court finds that the fair market value of the real property as of the commencement date of the action was Eleven Million Two Hundred Thousand Dollars ($11,200,000.00) (the "Commencement Date Value').

 2. **The Indebtedness Pursuant to NRS 40.465**

   a. As more fully set forth in this Court's Order granting BB&T's motion for summary judgment [Doc. # 134] and this Court's Order denying the Defendants motion for relief from that Order [Doc. #150], this Court's findings and conclusions relating to the evidence of the indebtedness due and owing by the Defendants to BB&T pursuant to the loan documents is Nineteen

---

[1] The amount by which the amount of the indebtedness exceeds the fair market value of the property sold at the time of the sale is $10,282,608.00. This calculation is required pursuant to NRS 40.459(1)(a). However, as it yields a greater deficiency it is inapplicable. The amount which is the difference between the amount for which the property actually sold and the amount of the Indebtedness is $12,182,608.00. This calculation is required pursuant to NRS 40.459(1)(b). However, as it yields a greater deficiency it is inapplicable.

Million Seven Hundred Eighty Two Thousand Six Hundred and Eight Dollars and 33/100 ($19,782,608.33), plus accrued and accruing interest and other costs expenses;

      b.    Excepting a claim by the Defendants that BB&T collected, but failed to apply, rents in the amount of $192,903.22, the Defendants failed to offer any evidence of the indebtedness due and owing pursuant to the loan documents.

      c.    Accordingly, and subject to the Defendants demonstrating that the rents collected were not applied to reduce the indebtedness, the Court finds, for the purposes of NRS 40.495, that the indebtedness is Nineteen Million Seven Hundred Eighty Two Thousand Six Hundred and Eight Dollars and 33/100 ($19,782,608.33), plus accrued and accruing interest and other costs expenses (the "Indebtedness")

      d.    The Indebtedness exceeds the Commencement Date Value by the sum of Eight Million Five Hundred Eighty Two Thousand Six Hundred and Eight Dollars ($8,582,608.00)[2]

## CONCLUSION

As the calculation of the deficiency pursuant to NRS 40.495 ($8,582,608.00) is less than the calculation of the deficiency pursuant to NRS 40.459 ($9,875,448.00), judgment shall issue in favor of BB&T and against the Defendants of the amount of $8,582,608.00.

Dated February 10, 2014.

                                        /s/ James C. Mahan
                                        UNITED STATES DISTRICT COURT JUDGE

Respectfully Submitted By:

**SYLVESTER & POLEDNAK, LTD.**

By: /s/ ALLYSON R. NOTO, ESQ.
      Allyson R. Noto, Esq.
      1731 Village Center Circle
      Las Vegas, Nevada 89134
      *Attorneys for Plaintiff*

---

[2] The amount that is the difference between the amount for which the property actually sold ($7,600,000.00) and the Indebtedness is $12,182,608.00. This calculation is required pursuant to NRS 40.495(4)(b)(2). However, as it yields a greater deficiency it is inapplicable.